1  KEITH A. JACOBY, Bar No. 150233
   J. KEVIN LILLY, Bar No. 119981
2  LITTLER MENDELSON
   A Professional Corporation
3  2049 Century Park East
   5th Floor
4  Los Angeles, CA  90067.3107
   Telephone:  310.553.0308
5  Fax No.:    310.553.5583

6  Attorneys for Defendant
   J.B. HUNT TRANSPORT, INC.

7

8              UNITED STATES DISTRICT COURT

9       CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

10

11 GERARDO ORTEGA, ALFREDO          Case No. CV07-08336 FMC FMCx
   SALVATIERRA and MICHAEL D.
12 PATTON, individually and on behalf NOTICE OF REMOVAL OF CIVIL
   of themselves, all others similarly  ACTION TO FEDERAL COURT, 28
13 situated, and the general public,   U.S.C. §§1332(D), 1441(B) AND
                                       1446(B)
                   Plaintiffs,
14
        v.
15
   J.B. HUNT TRANSPORT, INC., an
16 Arkansas corporation; and DOES 1
   to 100, inclusive,
17
                   Defendant.
18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

1   **TO THE CLERK OF THE FEDERAL DISTRICT COURT FOR THE**

2   **CENTRAL DISTRICT OF CALIFORNIA:**

3         PLEASE TAKE NOTICE THAT Defendant J.B. HUNT TRANSPORT, INC.

4   (hereinafter "Defendant"), contemporaneously with the filing of this Notice, hereby

5   effects the removal of the below referenced action from the Superior Court in the State

6   of California for the County of Los Angeles to the United States District Court for the

7   Central District of California.

8         The removal is based on 28 U.S.C. sections 1332(d) (the Class Action Fairness

9   Act), 1441(b) and 1446(b). In support of its Notice of Removal of Civil Action,

10  Defendant states:

**<u>PLEADINGS, PROCESS AND ORDERS</u>**

12        1.    On or about November 19, 2007, Plaintiffs, on behalf of themselves,

13  other employees of Defendant similarly situated, and members of the general public,

14  filed an action in the Superior Court of the State of California for the County of Los

15  Angeles entitled, "*GERARDO ORTEGA, ALFREDO SALVATIERRA and MICHAEL*

16  *D. PATTON, individually and on behalf of themselves, all others similarly situated,*

17  *and the general public, Plaintiffs, v. J.B. HUNT TRANSPORT, INC., an Arkansas*

18  *corporation; and DOES 1 to 100, inclusive, Defendant.*"   Case No. BC 380997

19  (hereinafter, the "Complaint").  Plaintiffs and the members of the multiple putative

20  classes they purport to represent are current and/or former employees of Defendant.

21        2.    Plaintiff's Complaint asserts  purported causes of action as follows: 1)

22  recovery of unpaid minimum wages (Lab. Code §1194); 2) failure to provide meal

23  periods (Lab. Code § 226.7); 3) failure to timely furnish accurate itemized wage

24  statements (Lab. Code §226(a)); 4) violations of Labor Code Section 203 ;  5)

25  declaratory relief; 6) injunctive relief; and 7) unfair business practices (B & PC

26  §17200) .

27        3.    True and correct copies of Plaintiffs' state court Complaint and Summons

28  are attached hereto and incorporated herein by reference as Exhibit "A."

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310 553 0308

1.

1      4.     Attached hereto and incorporated herein by reference as Exhibit "B" is a

2  true and correct copy of Defendant's Answer to Plaintiff's Unverified Complaint

3  timely filed on or about December 21, 2007.

4      5.     The attached exhibits constitute all the papers and processes that have

5  been filed or received in this action by Defendant.  Their attachment thereby satisfies

6  the requirements of 28 U.S.C. Section 1446(a).

7      **JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT**

8      6.     On February 18, 2005, the Class Action Fairness Act of 2005 ("the Act")

9  was enacted.  In relevant part, the Act grants federal district courts original

10  jurisdiction over civil class action lawsuits filed under federal or state law in which

11  any member of a class of plaintiffs is a citizen of a state different from any defendant,

12  and where the matter in controversy exceeds the sum or value of $5 million, exclusive

13  of interests and costs.  28 U.S.C. §1332(d)(2).  The Act authorizes removal of such

14  actions in accordance with 28 U.S.C. Section 1446.  While there are a number of

15  exceptions to this new rule of original jurisdiction contained in amended 28 U.S.C.

16  Section 1332(d)(3)-(5), none of them is applicable here.

17      7.     This Court has original jurisdiction over this case under 28 U.S.C.

18  Section 1332(d) of the Act, in that it is a civil action filed as a class action wherein the

19  matter in controversy exceeds the sum of $5 million, exclusive of interest and costs,

20  and at least one member (if not all) of the class of plaintiffs is a citizen of a state

21  different from Defendant.

22      8.     This action was initially brought pursuant to California Code of Civil

23  Procedure Section 382 on behalf of a putative class with an aggregate potential

24  membership in excess of 100 individuals.  (Declaration of Mark Whitehead,

25  hereinafter "Whitehead Decl." ¶2).

26      9.     Under Section 1453(b) of the Act, "A class action may be removed to a

27  district court of the United States in accordance with section 1446 (except that the 1-

28  year limitation under section 1446(b) shall not apply), ***without regard to whether any***

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553 0308

1   ***defendant is a citizen of the State in which the action is brought***, except that such

2   action may be removed by any defendant without the consent of all defendants."

3   (emphasis added.)  CAFA's diversity requirement is satisfied when at least one

4   plaintiff is a citizen of a state in which none of the defendants are citizens, when one

5   plaintiff is a citizen of a foreign state and one defendant is a U.S. citizen, or when one

6   plaintiff is a U.S. citizen and one defendant is a citizen of a foreign state.  28 U.S.C.

7   §§ 1332(d) (2), 1332(d)(5)(B), 1453(a); *Rodgers v. Central Locating Service, Ltd.*,

8   2006 U.S. Dist. LEXIS 6255, *7 - *8.

9         10.    Defendant is informed and believes that Plaintiffs were, at the time of the

10   filing of this action, and still are residents and citizens of the State of California

11   (Compl. 8.)

12         11.    Defendant was, at the time of filing of the state court action, and remains,

13   incorporated in the State of Georgia.  Defendant's principal place of business is in the

14   state of Arkansas. Defendant is not a state, state official or other governmental entity.

15   Defendant  is not citizen of the State of California for diversity purposes.  Industrial

16   Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1093 (9th Cir. 1990) (providing that

17   where a corporation does business in a number of states and does not conduct the

18   substantial predominance of its business in any single one, the state where corporate

19   headquarters is located is the corporation's principal place of business; where a

20   corporation does conduct a substantial predominance of its business in one state, that

21   state is the principal place of business); Albino v. Standard Ins., 349 F. Supp. 2d 1334,

22   1337 (C.D. Cal. 2004) (substantial predominance refers to the amount of business

23   activity in one state being significantly larger than any other state where the

24   corporation conducts business).  Defendant does business in a number of states and

25   does not conduct the substantial predominance of its business in any single one.

26   (Whitehead Decl., ¶3).  Therefore, Defendant a citizen of the states of Georgia and

27   Arkansas for the purposes of determining diversity of citizenship.

28         12.    Based on the foregoing, minimal diversity is established because named

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067 3107
310 553 0308

1  Plaintiffs are residents of California and Defendant is a citizen of Georgia and

2  Arkansas.

3                         **AMOUNT IN CONTROVERSY**

4        13.    The Class Action Fairness Act, 28 U.S.C. Section 1332(d) authorizes the

5  removal of class action cases in which, among other factors mentioned above, the

6  amount in controversy for all class members exceeds $5 million.  Plaintiffs'

7  Complaint is silent as to the total amount of monetary relief sought.  However, the

8  failure of the Complaint to specify the total amount of monetary relief sought by

9  Plaintiff does not deprive this Court of jurisdiction.  See, *White v. J.C. Penny Life Ins.*

10 *Co.*, 861 F. Supp. 25, 26 (S.D. W.Va. 1994) (defendant may remove suit to federal

11 court notwithstanding the failure of Plaintiff to plead a specific dollar amount in

12 controversy; if the rules were otherwise, "any Plaintiff could avoid *removal* simply by

13 declining ... to place a specific dollar claim upon its claim.") (emphasis added).

14 Defendant need only establish by a *preponderance of evidence* that Plaintiff's claim

15 exceeds the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d

16 398, 404 (9th Cir. 1996); *Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373,

17 376 (9th Cir. 1997).

18       14.    While Defendants deny the validity of Plaintiffs' claims and requests for

19 relief thereon, the facial allegations in Plaintiffs' Complaint and their claimed

20 damages are in excess of the jurisdictional minimum.  See Luckett v. Delta Airlines,

21 Inc., 171 F.3d 295, 298 (5th Cir. 1999) (finding that facts presented in notice of

22 removal, combined with plaintiff's allegations, sufficient to support finding of

23 jurisdiction); DeAguillar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995) (stating

24 that "defendant can show by a preponderance of the evidence that the amount in

25 controversy is greater than the jurisdictional amount"); accord Gaus v. Miles, Inc., 980

26 F.2d 564, 566-67 (9th Cir. 1992); White v. FCI USA, Inc., 319 F. 3d 672, 674 (5th

27 Cir. 2003) (facially apparent from the lengthy list of damages, combined with a claim

28 for attorneys' fees, that plaintiff's claim exceeded the jurisdictional threshold).

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553 0308

4.

1   15.   In his Complaint, Plaintiff claims that he and the other putative class

2   members were denied meal and rest periods and were not paid owed wages. (Compl.,

3   passim.) Plaintiffs further claims that, as a result, he and the other putative class

4   members are entitled to, among other things, statutory penalties, compensatory

5   damages, equitable relief, attorneys' fees and exemplary damages.  (Compl. *passim*).

6   16.   Plaintiffs also seek an award of waiting time penalties (Compl. ¶¶ 49-51 .

7   There are no fewer than 1742 former employees in the putative class. Said class

8   members earn, on average, $137 per day.  (Whitehead Decl., ¶ 4.) If each former

9   employee were awarded thirty days additional pay, said penalties alone ($7,159,620)

10  would exceed $5,000,000.

11  17.   In addition to the foregoing, Plaintiff's Complaint also seeks an award of

12  attorneys' fees.   It is well-settled that in determining whether a complaint meets the

13  amount in controversy requirement, the Court should consider attorneys' fees.  See

14  e.g., *Bell v. Preferred Life*, 320 U.S. 238, 64 S.Ct. 5, 88 L.Ed. 15 (1943); *Goldberg v.*

15  *C.P.C. Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982) (attorneys' fees may be taken

16  into account to determine jurisdictional amounts).

17  18.   In addition to attorneys' fees, Plaintiff's Complaint seeks monetary relief

18  in the form of exemplary/punitive damages.  Although Defendant denies that it can or

19  should be liable for punitive damages in this case, for purposes of assessing whether

20  the amount in controversy element has been satisfied, the Ninth Circuit has

21  specifically held that punitive damages claimed by the named plaintiff are properly

22  included in computing the jurisdictional amount.  *Gibson v. Chrysler Corp.*, 261 F.3d

23  927, 945 (9th Cir. 2001).

24  19.   In light of the approximate amount of alleged compensatory damages

25  Plaintiff seeks, any potential of a punitive damages award that is even a mere fraction

26  of that amount only reinforces the fact that this action exceeds the amount in

27  controversy limitation necessary for removal.  Defendant, of course, denies any such

28  liability, but the relief sought, rather than what is likely to be awarded, is what is

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553 0308

1  relevant to determining the amount in controversy.

2      20.   The monetary relief sought by Plaintiff in the form of statutory penalties,

3  compensatory damages, punitive damages and attorneys' fees are identical to the

4  claims made in *Foster*, which are demonstrated to be an amount far in excess of the

5  $5,000,000 jurisdictional requirement.  Therefore, removal of this action is proper.

6  **TIMELINESS OF REMOVAL**

7      21.   Plaintiffs served the Complaint on Defendant by personal service on or

8  about November 29, 2007.

9      22.   This removal is therefore timely as it is filed within 30 days of Plaintiff's

10  service of the Complaint on Defendant.

11  **JURISDICTION**

12      23.   This District Court has jurisdiction over all the parties, and its territorial

13  jurisdiction embraces the place where the Superior Court Action is pending.

14  **VENUE**

15      24.   Venue is proper in this Court pursuant to 28 U.S.C. Sections 84(c)(2),

16  1391 and 1446.

17  **NOTICE TO STATE COURT AND PLAINTIFF**

18      25.   Contemporaneously with the filing of this Notice of Removal in the

19  United States District Court for the Central District of California, written notice of

20  such filing will be given by the undersigned to Plaintiff's counsel of record, Paul

21  Cullen..

22      26.   In addition, a copy of Notice of Removal will be filed with the Clerk of

23  the Court for the Superior Court of the County of Los Angeles, California.

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553 0308

6.

1    WHEREFORE, having provided notice as is required by law, the above-entitled

2   action should hereby be removed from the Superior Court of the County of Los

3   Angeles to this Court.

4   Dated:  December 27, 2007

5

6

7                                                                    J. KEVIN LILLY
                                                                     KEITH A. JACOBY
8                                                                    LITTLER MENDELSON
                                                                     A Professional Corporation
9                                                                    Attorneys for Defendant
                                                                     J.B. HUNT TRANSPORT, INC.

10

11
    Firmwide:83902762.1 023293.1187
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
J. B. HUNT TRANSPORT, INC., an Arkansas corporation;
and DOES 1 to 100, inclusive

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

NOV 19 2007

John A. Clarke, Executive Officer/Clerk

By_____, Deputy

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
GERARDO ORTEGA, ALFREDO SALVATIERRA and MICHAEL D.
PATTON, individually and on behalf of themselves, all
others similarly situated, and the general public

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/español), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/español) o poniéndose en contacto con la corte o el colegio de abogados locales.

| | |
|---|---|
| The name and address of the court is:<br>(El nombre y dirección de la corte es):<br>Los Angeles Superior Court<br>111 North Hill Street<br>111 North Hill Street<br>Los Angeles, CA 90012<br>CENTRAL | CASE NUMBER:<br>(Número del Caso): |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Paul T. Cullen                                        626-744-9125        626-744-9436
The Cullen Law Firm, APC
29229 Canwood Street, Suite 208

DATE: NOV 19 2007                    Clerk, by _____, Deputy
(Fecha)                              (Secretario)                              (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED: You are served**

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

# EXHIBIT A

1  Paul T. Cullen, Esq. (#193575)
2  THE CULLEN LAW FIRM, APC
   29229 Canwood Street, Suite 208
3  Agoura Hills, CA 91301-1555
   Tel: (626) 744-9125; (818) 338-8915
4  Fax: (626) 744-9436
5  Attorneys for Plaintiffs,
6  GERARDO ORTEGA, ALFREDO
   SALVATIERRA and MICHAEL D.
7  PATTON, individually and on behalf
   of themselves, all others similarly
8  situated, and the general public

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

NOV 1 9 2007

John A. Clarke, Executive Officer/Clerk

By_____, Deputy

9
10                SUPERIOR COURT OF THE STATE OF CALIFORNIA

11           FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

12  GERARDO ORTEGA, ALFREDO          ) CASE NO.:        BC380997
    SALVATIERRA and MICHAEL D.       )
13  PATTON, individually and on behalf of ) CLASS ACTION: (Plaintiff Class - CCP §
    themselves, all others similarly situated, and ) 382)
14  the general public,               )
                                      ) COMPLAINT FOR DAMAGES:
15              Plaintiffs,           ) 1.  RECOVERY OF UNPAID MINIMUM
                                      )     WAGES (Lab. Code § 1194);
16      vs.                           ) 2.  FAILURE TO PROVIDE MEAL
                                      )     PERIODS (Lab. Code § 226.7);
17  J. B. HUNT TRANSPORT, INC., an Arkansas ) 3.  FAILURE TO TIMELY FURNISH
18  corporation; and DOES 1 to 100, inclusive, )     ACCURATE ITEMIZED WAGE
                                      )     STATEMENTS (Lab. Code § 226(a));
19              Defendants.           ) 4.  VIOLATIONS OF LABOR CODE § 203;
                                      ) 5.  DECLARATORY RELIEF;
20                                    ) 6.  INJUNCTIVE RELIEF; AND
                                      ) 7.  UNFAIR BUSINESS PRACTICES
21                                    )     (B&PC § 17200 et seq.)
22                                    )
                                      ) DEMAND FOR JURY TRIAL
23                                    )
24  _____

25      Plaintiffs GERARDO ORTEGA, ALFREDO SALVATIERRA and MICHAEL D.

26  PATTON, on behalf of themselves, all others similarly situated, and the general public

27  (hereinafter "Plaintiffs") hereby file this Complaint against Defendant J. B. HUNT

28

                          COMPLAINT FOR DAMAGES
                                    1

TRANSPORT, INC., an Arkansas corporation; and DOES 1 to 100, inclusive (hereinafter collectively referred to as "Defendants").  Plaintiffs are informed and believe, and on the basis of that information and belief, allege as follows:

I.

**INTRODUCTION**

1.   Pursuant to California Code of Civil Procedure § 382 and California Business and Professions Code ("B&PC") §§17200, et seq., Plaintiffs have filed this action, seeking class action treatment, to recover unpaid wages and penalties from Defendants for their violations of, *inter alia*, California Labor Code ("Labor Code") §§200, et seq., §512, §§1194, et seq., B&PC §§17200, et seq., the applicable Wage Order(s) issued by the California Industrial Welfare Commission (hereinafter, the "IWC Wage Order(s)"), and related common law principles.

2.    This Class Action lawsuit challenges the Defendants' employment practices with respect to its local drivers employed in the State of California and other similarly-titled employees, primarily in that Defendants did not pay their local drivers minimum wages for all hours worked and failed to ensure that their local drivers were actually relieved of all duty at meal periods.  Plaintiff's action seeks general, liquidated, and punitive damages, penalties, declaratory relief, injunctive relief and restitution from Defendants.

3.    The acts complained of herein have occurred, are presently occurring, and are expected to continue occurring, within the time period from four (4) years preceding the filing of the original Complaint herein, up to and through the time of trial for this matter (hereinafter, the "Relevant Time Period").

4.      Plaintiff is informed and believes and thereon alleges that all of Defendants' local drivers in the State of California had virtually the same duties and responsibilities, regardless of region, district, and/or facility.  As a consequence, any differences between particular individual employees who have worked as local drivers for Defendants, in terms of the duties actually performed, were and are legally insignificant to the issues presented by this action.

5.      The economic reality of the relationship was that the Plaintiffs, who were non-exempt employees of the Defendants, were suffered to:

    a.   regularly work without being paid minimum wages as required by law;

    b.   work without being afforded proper meal periods in conformity with California law (e.g. Labor Code § 226.7 and the applicable IWC Wage Order(s));

    c.   work without being provided accurate wage statements/paystubs in violation of Labor Code § 226(a);

    d.   work without having timely received all pay due to them, in particular, upon the termination of their employment (whether voluntary or involuntary), in violation of Labor Code § 203;

    e.   work without being properly reimbursed and/or indemnified for the necessary expenditures or losses incurred by the them in direct consequence of the discharge of their duties, or of their obedience to the directions of the employer, e.g. mileage, sales materials, cell phones charges, and the like;

    f.   work in a business environment where they were routinely and uniformly subjected to unfair business practices within the meaning of B&PC §§ 17200 et seq.

## II.

## JURISDICTION AND VENUE

6.     The Superior Court of the State of California, for the County of Los Angeles, Central District has jurisdiction over this case due to the fact that many of the alleged violations (a) of California Labor Code (i.e. §§ 200 et seq.), (b) California Business and Professions Code §§ 17200 et seq. and (c) related common law occurred in the County of Los Angeles.

7.     Venue is proper in the Central District of the Los Angeles Superior Court pursuant to Code of Civil Procedure §395(a) and 395.5, because at least some of the acts complained of herein occurred in the County of Los Angeles, including but not limited to 5650 Southern Ave., South Gate, CA 90280 and all complaints seeking class actions must be filed in the Central District.  Moreover, Plaintiffs are informed and believe that the Defendant J. B. HUNT TRANSPORT, INC., an Arkansas corporation, is domiciled in the State of California.

## III.

## PARTIES

NAMED PLAINTIFFS

8.     Plaintiffs GERARDO ORTEGA, ALFREDO SALVATIERRA and MICHAEL D. PATTON are all individuals over the age of eighteen (18) and are now and/or at all relevant times mentioned in this Complaint were residents and domiciliaries of the State of California.

9.     Plaintiffs GERARDO ORTEGA, ALFREDO SALVATIERRA and MICHAEL D. PATTON worked for Defendants in California at Defendants' center of operations located at 5650 Southern Ave., South Gate, CA 90280 during the Relevant Time Period in the County of Los Angeles.

10. Plaintiffs seek damages, including, but not limited to restitution for unpaid wages, reimbursement, penalties and other compensation, from Defendants for the Relevant Time Period, because Defendants have:

    a. Failed to pay Plaintiffs minimum wages for all hours worked;

    b. Failed to provide Plaintiffs proper meal periods;

    c. Failed to furnish Plaintiffs accurate itemized wage statements;

    d. Failed to timely pay Plaintiffs all wages due them at the time of their termination from employment;

    e. Subjected Plaintiffs to unfair business practices within the meaning of B&PC §§ 17200 et seq.

DEFENDANT J.B. HUNT TRANSPORT, INC.,

11. Plaintiffs are informed and believe and thereon allege that Defendant J.B. HUNT TRANSPORT, INC. holds itself out as one of the largest transportation logistics companies in North America, but that it, nevertheless, was, for purposes of jurisdiction, domiciled at all times during the Relevant Time Period in the State of California.

DEFENDANTS DOES 1 TO 100, INCLUSIVE

12. DOES 1 to 100, inclusive are now, and/or at all times mentioned in this Complaint were licensed to do business and/or actually doing business in the State of California. Plaintiffs do not know the true names or capacities, whether individual, partner or corporate, of DOES 1 to 100, inclusive and for that reason, DOES 1 to 100 are sued under such fictitious names pursuant to California Code of Civil Procedure ("CCP") §474. Plaintiffs will seek leave of court to amend this Complaint to allege such names and capacities as soon as they are

ascertained.  DOES 1 through 5 are believed to be business entities who were co-employers of the Plaintiffs and the putative Class herein.

ALL DEFENDANTS

13.     Plaintiffs are informed and believe, and based upon such information and belief alleges, that the Defendants, and each of them, are now and/or at all times mentioned in this Complaint were in some manner legally responsible for the events, happenings and circumstances alleged in this Complaint.

14.     Plaintiffs are further informed and believe, and based upon such information and belief alleges, that at all times herein mentioned, all Defendants, and each of them, were and are the agents, servants, employees, joint venturers, and/or partners of each of the other Defendants, and were, at all such times, acting within the course and scope of said employment and/or agency; furthermore, that each and every Defendant herein, while acting as a high corporate officer, director and/or managing agent, principal and/or employer, expressly directed, consented to, approved, affirmed and ratified each and every action taken by the other co-Defendants, as herein alleged and was responsible in whole or in part for the matters referred to herein.

15.     Plaintiffs are further informed and believe, and based upon such information and belief allege, that at all times herein mentioned, Defendants, and each of them, proximately caused Plaintiffs, all others similarly situated and the general public to be subjected to the unlawful practices, wrongs, complaints, injuries and/or damages alleged in this Complaint.

16.     Defendants, and each of them, are now and/or at all times mentioned in this Complaint were members of and/or engaged in a joint venture, partnership and common enterprise, and were acting within the course and scope of, and in pursuit of said joint venture,

partnership and common enterprise and, as such were co-employers of the Plaintiffs and the putative Class herein.

17.    Defendants, and each of them, at all times mentioned in this Complaint concurred with, contributed to, approved of, aided and abetted, condoned and/or otherwise ratified the various acts and omissions of each and every one of the other Defendants in proximately causing the injuries and/or damages alleged in this Complaint.

## IV.

## CLASS ACTION ALLEGATIONS

18.    Pursuant to California Code of Civil Procedure ("CCP") § 382 and common law related thereto, a case should be treated as a class action when a court finds: (a) that the predominant issues raised in the case are of a common interest; (b) that the parties are so numerous that it is impracticable to bring them all before this Court; (c) that the proposed Class and Subclass are clearly and easily ascertainable; (d) that the named representative's claims are typical of the claims of the proposed classes; (e) that the Class representative will adequately represent the interests of the classes; and (e) that a class action is superior to other methods of adjudicating the claims alleged herein.  Plaintiffs herein allege that each and every one of the foregoing can and will be demonstrated at the time for hearing on Plaintiffs' motion for class certification.

19.    Plaintiffs bring this suit as a class action pursuant to CCP §382, on behalf of the Class of individuals which are defined as follows:  All of Defendants' California-based, local drivers (and other similarly-titled employees) who worked for Defendants (i.e. the "Covered Positions") during the Relevant Time Period.

20.     Plaintiffs further seek to establish a one subclass, the LC 203 Subclass, which is defined as all Class members who worked in a Covered Position during the Relevant Time Period and who are no longer employed by Defendants herein.

21.     Numerosity:  Plaintiffs are informed and believe and based on such information and belief allege that, in conformity with CCP § 382, the potential membership in each of the classes is so numerous that joinder of all members is impractical.  While the exact number of members in each of the classes is presently unknown to Plaintiffs, Plaintiffs estimate that membership in the Class to exceed 1000 and the Subclass to exceed 500.  The exact number and specific identities of the members of the Class, including the LC 203 Subclass, may be readily ascertained through inspection of Defendants' business records.

22.     Questions of Law or Fact Common to the Class:  Plaintiffs are informed and believe and based on such information and belief allege that numerous questions of law and/or fact are common to all members of the Class and Subclass, including, without limitation:

      a.     Whether the members of the Class received the legal minimum wage under California law for all hours during which they were subject to Defendants' control;

      b.     Whether Defendants failed and continues to fail to provide meal periods free of duty to the members of the Class in violation of the Labor Code and Section 11 of the applicable IWC Wage Order(s);

      c.     Whether the members of the Class are entitled to seek recovery of compensation pursuant to Labor Code §558 and, if so, for what time period(s);

d. Whether Defendants failed to timely furnish accurate itemized statements to the members of the Class in conformity with Labor Code § 226(a) and, if not, whether liability for the same accrues under Labor Code § 226(e) and (g);

e. Whether the members of LC 203 Subclass are entitled to penalties pursuant to Labor Code §203;

f. The correct statute of limitations for the claims of the members of the Class;

g. Whether Defendants' conduct constitutes unfair competition and/or business practices within the meaning of B&PC §17200 et seq.;

h. Whether the members of the Class are entitled to compensatory damages, and if so, the means of measuring such damages;

i. Whether the members of the Class are entitled to injunctive relief;

j. Whether the members of the Class are entitled to restitution;

k. Whether Defendants are liable for punitive damages;

l. Whether Defendants are liable for pre-judgment interest; and

m. Whether Defendants are liable for attorneys' fees and costs.

23.    Typicality:  Plaintiffs are informed and believe and based on such information and belief allege that Plaintiffs' claims are typical of the claims of all members of the Class whom they seek to represent.  Defendants treated both Plaintiffs and all members of the Class in a virtually identical manner with respect to the violations of law asserted herein.  These violations of law arise out of Defendants' common course of conduct in requiring members of the Class to (a) work hours for which they were not properly compensated (in terms of basic minimum wages), (b) forego meal breaks free of duty to which they were entitled, (c) receive inaccurate

1    wage statements, and (d) endure patently unfair business practices within the meaning of B&PC

2    § 17200 *et seq.*

3

4        24.    Adequacy:  Plaintiffs are informed and believe and based on such information and

5    belief allege that Plaintiffs will fairly and adequately protect the interests of the members of the

6    Class they seek to represent.

7        25.    Superiority: Plaintiffs are informed and believe and based on such information

8    and belief allege that this action is properly brought as a class action, not only because the

9

10   prerequisites of CCP §382 and common law related thereto are satisfied (as outlined above), but

11   also because of the following:

12           a.  The prosecution of separate actions by or against individual members of the

13               Class would create risk of inconsistent or varying adjudications with respect

14

15               to individual members of the Class which would establish incompatible

16               standards of conduct for the party opposing the Class;

17           b.  Adjudications with respect to individuals members of the Class would, as a

18               practical matter, be dispositive of the interests of the other members not

19

20               parties to the adjudications or substantially impair or impede their ability to

21               protect their interests;

22           c.  Defendants have acted or refused to act on grounds generally applicable to all

23               members of the Class, making injunctive relief or declaratory relief

24

25               appropriate with respect to all of the Class;

26           d.  Questions of law or fact common to the members of the Class predominate

27               over any questions affecting only individual members; and,

28

e.   Class action treatment is superior to other available methods for the fair and

efficient adjudication of the controversy.

## V.

## INDIVIDUAL CAUSES OF ACTION

### FIRST CAUSE OF ACTION

RECOVERY OF UNPAID MINIMUM WAGES
**(Pursuant to Labor Code § 1194 - On Behalf of the Class)**
**(Against All Defendants)**

26.     Plaintiffs incorporate by reference and re-allege each and every one of the

allegations contained in the preceding paragraphs of this Complaint as though fully set forth

herein.

27.     Failure of an employer to pay its employees the minimum wage fixed by the

California Labor Commission violates, *inter alia* Labor Code §1197.

28.     During the Relevant Time Period, Defendants required the members of the Class

to remain under Defendants' control without paying therefor, which resulted in the members of

the Class earning less than the legal minimum wage in the State of California for portions of the

days during which they worked.

29.     Specifically, Defendants' practice of refusing to pay hourly rates of at least the

state-mandated minimum wage for time spent by Class members doing the following:  (a)

waiting in lines to have their trailers filled with cargo, (b) loading trailers with cargo, and (c)

driving around looking for "empties."  This list is by no means exhaustive.

30.     Defendants' pattern and practice of uniformly administering a corporate policy,

whereby Defendants failed to pay the legal minimum wage to the members of the Class, violates

Labor Code §1194(a).

31.     Accordingly, the members of the Class seek to recover, pursuant to Labor Code § 1194(a) the unpaid balance of the minimum wages owed them, calculated as the difference between the straight time compensation paid and the applicable minimum wage, including interest thereon.

32.     Plaintiffs further seek liquidated damages pursuant to Labor Code §1194.2(a) on the straight-time portion of uncompensated hours of work (not including the overtime portion thereof) in an amount equal to the wages unlawfully unpaid and interest thereon.

33.     Plaintiffs further seek, as a consequence of Defendants' non-payment of minimum wages, penalties pursuant to the applicable IWC Wage Order at §20(A).

34.     Plaintiffs also seek all legal remedies available for Defendants' willful non-payment of minimum wages, including but not limited to:

a.      Interest pursuant to Labor Code §§218.6 and 1194(a), Civil Code §§ 3287 and §3289;

b.      Reasonable attorneys' fees and costs of suit pursuant to Labor Code §§218.5 and §1194;

c.      Damages and/or penalties pursuant to Labor Code §558(a); and,

d.      Punitive damages, because Defendants knew such wages were due and owing to Plaintiffs and the plaintiff Class, Defendants had the clear ability to pay said wages, and the willful non-payment of said wages was oppressive and malicious.  As such, Defendants' actions warrant an award of punitive and exemplary damages against Defendants.

/ / /

/ / /

/ / /

**SECOND CAUSE OF ACTION**

FAILURE TO PROVIDE MEAL PERIODS

**(Pursuant to Labor Code § 226.7 - On Behalf of the Class)**
**(Against All Defendants)**

35.     Plaintiffs incorporate by reference and re-allege each and every one of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

36.     Plaintiffs are informed and believe and thereon allege that all members of the Class regularly worked over five (5) hours per shift; thus, they were entitled to a meal period of not less than thirty (30) minutes without duty.

37.     Nevertheless, Plaintiffs are informed and believe and thereon allege that Defendants routinely failed to timely provide members of the Class with such meal periods without duty, notwithstanding the fact that members of the Class had not waived their right to the same.  This is to say that Defendants treated Class members as if they were exempt from the meal period requirements established by Labor Code §§ 226.7, §512, 516 and Section 11 of the IWC Wage Order(s), and, in failing to comply with these provisions of California law, Defendnants denied the Class meal periods on a regular basis.

38.     Plaintiffs seek damages (in terms of premium pay) pursuant to Section 11(D) of the IWC Wage Order(s) and Labor Code §226.7(b), in the amount of one (1) additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is/was not provided to any member of the Class, the cumulative sum of which is to be proved at time of trial.

39.     Plaintiffs further seek penalties pursuant to Labor Code §558(a) for Defendants' failure to provide such meal periods.

40.     Plaintiffs seek pre-judgment interest on all amounts recovered herein pursuant to Labor Code §§ 218.6, 1194(a) and Civil Code §§ 3287(b) and 3289.

41.     Plaintiffs further seek reasonable attorneys' fees and costs pursuant to Labor Code §§218.5 and 1194.

### THIRD CAUSE OF ACTION

FAILURE TO TIMELY FURNISH ACCURATE ITEMIZED WAGE STATEMENTS
**(Pursuant to Labor Code § 226(a) -  On Behalf of the Class)**
**(Against All Defendants)**

42.     Plaintiffs incorporate by reference and re-allege each and every one of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

43.     Defendants paid the Class on a piece-rate basis, typically on a cents per mile basis with some variations thereon.  However, as noted above, Defendants failed to pay the Class minimum wages for all hours worked by Class Members during the Relevant Time Period.

44.     Plaintiffs are informed and believe and thereon allege that Defendants, in violation of Labor Code §226(a), engaged in a consistent practice with respect to the Class of regularly failing to furnish each of the members of the Class with accurate itemized statements in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) all deductions, (4) net wages earned and/or (5) all applicable hourly rates in effect during each respective pay period and the corresponding number of hours worked at each hourly rate by each respective individual.

45.     Plaintiffs are further informed and believe and thereon alleges that Defendants did not maintain accurate business records pertaining to the total hours worked for Defendants by the members of the Class.

46.     Plaintiffs herein seek on behalf of themselves and the Class, penalties pursuant to Labor Code §226(e) for each violation by Defendants of Labor Code §226(a).

47.     Plaintiffs further seek preliminary and permanent injunctive relief pursuant to Labor Code §226(g).

48.     Plaintiffs seek an award of reasonable attorneys' fees and costs pursuant to Labor Code §226(g).

## FOURTH CAUSE OF ACTION

### VIOLATIONS OF LABOR CODE §203
**(Pursuant to Labor Code § 203 - On Behalf of the LC 203 Subclass)**
**(Against All Defendants)**

49.     Plaintiffs incorporate by reference and re-allege each and every one of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

50.     Plaintiffs are informed and believe and thereon allege that Defendants, in violation of Labor Code §203, consistently and willfully failed to timely pay not only them, but all members of the LC 203 Subclass, all wages due and owing to said Subclass members at the time of termination of employment, including basic minimum wages and premium pay due for denial of meal periods as set forth hereinabove.

51.     Plaintiff seeks on behalf of LC 203 Subclass the penalties to which they are entitled pursuant to Labor Code §203, in the amount of each LC 203 Subclass members' daily wage multiplied by thirty (30) days, the exact amount of which is to be determined at trial.

///

///

///

### FIFTH CAUSE OF ACTION

### DECLARATORY RELIEF
**(On Behalf of the Class)**
**(Against All Defendants)**

52.     Plaintiffs incorporate by reference and re-allege each and every one of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

53.     An actual controversy has arisen between the Plaintiffs and the plaintiff Class, on one hand, and the Defendants, on the other hand, relating to the following matters:

        a.  Whether Defendants have unlawfully suffered Plaintiffs and the plaintiff Class to work without appropriate minimum wages therefor in violation of the law as set forth hereinabove;

        b.  Whether Defendants, and each of them, may require, as a condition of employment, that current employee members of the plaintiff Class work regular hours and through rest periods without appropriate pay therefor, forego mandatory meal breaks, and accept inaccurate wage statements;

        c.  What amounts the Plaintiffs and the plaintiff Class are entitled to receive in principal and interest for unpaid wages and/or penalties.

54.     Plaintiffs and the plaintiff Class further seek entry of a declaratory judgment against all Defendants herein and in Plaintiffs' favor, which declares Defendants' practices to be unlawful, and which provides for recovery of all sums determined by this Court to be owed by Defendants, and each of them, to the Plaintiffs and the plaintiff Class.

///

///

## SIXTH CAUSE OF ACTION

### INJUNCTIVE RELIEF
**(On Behalf of All Classes)**
**(Against All Defendants)**

55.     Plaintiffs incorporate by reference and re-allege each and every one of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

56.     As the Class members' employers, Defendants, and each of them, have threatened to continue to engage in the practices complained of hereinabove as to all members of the Class currently employed by the Defendants, that is to work regular hours and through rest periods without appropriate pay therefor, to forego meal breaks without duty, and to accept inaccurate wage statements.

57.     Plaintiffs and members of the Class have been injured and damaged, and, those who are current employees, are threatened with further injury and damage by Defendants' continuance of such unlawful employment practices.  Members of the plaintiff Class are threatened with immediate, irreparable harm by the continuance of Defendants' unlawful payment practices, and they have no adequate remedy at law.

58.     Defendants have acted, and threaten to act, on grounds generally applicable to the individual members of the Class, thereby making appropriate preliminary and permanent injunctive relief enjoining Defendants and their agents from practicing the unlawful practices heretofore alleged.

59.     As a direct and proximate result of Defendants' conduct, the Class are entitled to have this court grant them a preliminary and permanent injunction restraining Defendants from

suffering their employees who are members of the Class herein from being required to work regular hours and through rest periods without appropriate pay therefor, to forego meal periods without duty, and to accept inaccurate wage statements.

## SEVENTH CAUSE OF ACTION

UNFAIR BUSINESS PRACTICES
**(On Behalf of All Classes and the General Public)**
**(Against All Defendants)**

60.     Plaintiffs incorporate by reference and re-allege each and every one of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

61.     Defendants, and each of them, have engaged in unfair business practices in California by utilizing and engaging in an unlawful pattern and practice of failing to properly pay employee compensation as described hereinabove, specifically, by requiring the plaintiff classes to perform the work without minimum wages, without timely meal periods free of duty, and without proper wage statements.

62.     Defendants' use of such practices constitutes an unfair business practice, unfair competition, and provides an unfair advantage over Defendants' competitors.

63.     Plaintiffs and other similarly situated members of the general public seek full restitution on account of the economic injuries they have suffered along with disgorgement of ill-gotten gains from the Defendants as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by Defendants by means of the unfair business practices complained of herein.

64.     Plaintiffs seek on their own behalf and on behalf of the general public, the appointment of a receiver, as necessary, to oversee said restitution, including all wages earned and unpaid, including interest thereon.

65.     The acts complained of herein, occurred, at least in part, within the last four (4) years preceding this Complaint for Damages.

66.     Further, if Defendants are not enjoined from the unlawful conduct described above, Defendants will continue unabated in their unlawful conduct, which will continue to result in irreparable injury to members of the general public, including, but not limited to all members of the Class who are current employees of the Defendants, and for which there is no adequate remedy at law.  Thus, Plaintiff requests that the Court issue a preliminary and permanent injunction prohibiting Defendants from engaging in the foregoing conduct.

67.     Plaintiffs, on behalf of the general public and members of the Class, seek full restitution from Defendants, as necessary and according to proof, to restore all monies withheld, acquired and/or converted by Defendants by means of the unfair practices complained of herein.

## VI.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray:

a.  That the Court issue an Order certifying the classes herein, appointing the named Plaintiffs as representatives of all others similarly situated, and appointing the law firm(s) representing the named Plaintiff as counsel for the members of the classes;

b.  As to the First Cause of Action for Failure to Pay Minimum Wages:

1.  For recovery of the unpaid balance of the full amount of the minimum wages due and owing, according to proof;

2. For liquidated damages on the straight-time portion of uncompensated hours of work (not including the overtime portion thereof), pursuant to, *inter alia*, Labor Code §1194.2(a);

3. For pre-judgment interest pursuant to, *inter alia*, Labor Code §§ 218.6 and 1194(a), Civil Code §§ 3287(b) and 3289;

4. For an accounting, under administration of Plaintiffs and/or the receiver and subject to Court review, to determine the amount to be returned by Defendants, and the amounts to be refunded to members of the classes who are owed monies by Defendants;

5. For an Order for a preliminary and/or permanent injunction prohibiting Defendants from engaging in the acts complained of herein;

6. For all other appropriate injunctive, declaratory and equitable relief;

7. For interest to the extent permitted by law; and

8. For and award exemplary damages;

9. For an award of reasonable attorneys' fees and costs incurred in the investigation, filing and prosecution of this action pursuant to Labor Code § 1194(a) and/or any other applicable provision of law.

c. As to the Second Cause of Action for Failure to Provide Meal Periods:

1. For one (1) hour of premium pay at each employee's regular rate of compensation for each workday that a meal period was not provided;

2. For compensation pursuant to Labor Code §558;

3. For pre-judgment interest pursuant to Labor Code §§218.6 and 1194(a) and Civil Code §§ 3287(b) and 3289;

4.    For an award of reasonable attorneys' fees and costs pursuant to <u>Labor Code</u> §§ 218.5 and 1194;

<u>As to the Third Cause of Action for Failure to Timely Furnish Accurate Itemized Wage Statements</u>:

1.    For penalties as authorized by <u>Labor Code</u> §226(e);

2.    For injunctive relief pursuant to <u>Labor Code</u> §226(g);

3.    For an award of costs and reasonable attorneys' fees pursuant to <u>Labor Code</u> §226(g);

g.    <u>As to the Fourth Cause of Action for Violations of Labor Code §203</u>:

For penalties as authorized by <u>Labor Code</u> §203;

h.    <u>As to the Fifth Cause of Action for Declaratory Relief</u>:

Declaratory relief as sought therein.

j.    <u>As to the Sixth Cause of Action for Injunctive Relief</u>:

Preliminary and Permanent Injunctive Relief as sought therein.

k.    <u>As to the Seventh Cause of Action for Unfair Business Practices</u>:

1.    For an accounting, under administration of Plaintiffs and/or the receiver and subject to Court review, to determine the amount to be returned by Defendants, and the amounts to be refunded to members of the classes who are owed monies by Defendants;

2.    For an Order requiring Defendants to make full restitution and payment pursuant to California law;

3.    For an Order for a preliminary and/or permanent injunction prohibiting Defendants from engaging in the acts complained of herein;

**COMPLAINT FOR DAMAGES**

21

4.     For all other appropriate injunctive, declaratory and equitable relief;

5.     For interest to the extent permitted by law; and

6.     For an award of reasonable attorneys' fees and costs incurred in the investigation, filing and prosecution of this action pursuant to CCP §1021.5, B&PC §17200, et seq., Labor Code §1194 and/or any other applicable provision of law.

VII.

DEMAND FOR JURY TRIAL

Plaintiffs hereby demand trial of their claims by jury to the extent authorized by law.

Dated: November 16, 2007                          The Cullen Law Firm, APC

By _____

**PAUL T. CULLEN**
Attorneys for Plaintiffs

1   KEITH A. JACOBY, Bar No. 150233
    J. KEVIN LILLY, Bar No. 119981
2   LITTLER MENDELSON
    A Professional Corporation
3   2049 Century Park East
    5th Floor
4   Los Angeles, CA  90067.3107
    Telephone:  310.553.0308
5   Fax No.:    310.553.5583

6   Attorneys for Defendant
    J.B. HUNT TRANSPORT, INC.

7

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

DEC 26 2007

John A. Clarke, Executive Officer/Clerk
                             ,Deputy
By _____
        Jalon Taylor

8         SUPERIOR COURT OF THE STATE OF CALIFORNIA

9               COUNTY OF LOS ANGELES,

10                 CENTRAL DISTRICT

| | |
|---|---|
| 11   GERARDO ORTEGA, ALFREDO SALVATIERRA and MICHAEL D. PATTON, individually and on behalf of themselves, all others similarly situated, and the general public,<br><br>Plaintiffs,<br><br>v.<br><br>J.B. HUNT TRANSPORT, INC., an Arkansas corporation; and DOES 1 to 100, inclusive,<br><br>Defendant. | Case No. BC 380997<br><br>ASSIGNED FOR ALL PURPOSES TO JUDGE VICTORIA CHANEY, DEPT. ~~CCW 324~~  D-26<br><br>**DEFENDANT J.B. HUNT TRANSPORT, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT**<br><br>Complaint Filed:  November 19, 2007 |

20         COMES NOW Defendant  J.B. HUNT TRANSPORT, INC. ("J.B. HUNT"), for its

21   Answer and Affirmative Defenses to Plaintiffs' GERARDO ORTEGA, ALFREDO

22   SALVATIERRA and MICHAEL D. PATTON's (collectively, "PLAINTIFFS") unverified

23   Complaint, answering for itself and no other defendant, hereby generally denies each and every

24   allegation contained therein and the whole thereof pursuant to Section 431.30 of the California Code

25   of Civil Procedure, denies that Plaintiffs have been damaged in any sum or at all. Without conceding

26   that it bears the burden of proof as to any affirmative defense, J.B. HUNT hereby asserts the

27   following affirmative defenses:

28                                 **EXHIBIT B**

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

                                 1

**AFFIRMATIVE DEFENSES**

1.    The claims of Plaintiffs and the putative class members they seek to represent are misjoined, as their rights to recover require individual analysis, do not present a predominance of common questions of law or fact, and are unsuited for determination on a class or representative basis, neither of which is a superior means of adjudicating these claims.

2.    Plaintiffs' Complaint and each purported cause of action therein, or some of them, are barred because Plaintiffs lacks standing as representatives of the proposed class and as a representative of the group of allegedly similarly situated individuals they seek to represent, and does not adequately represent the putative class members or other employees of J.B. HUNT.

3.    Prosecution of this action by Plaintiffs and the putative class members as a class action or as a representative action under Business and Professions Code Section 17200 *et seq.*, as applied to the facts and circumstances of this case, would constitute a denial of J.B. HUNT's substantive and procedural due process rights under the Fourteenth Amendment of the United States Constitution and under the Constitution and laws of the State of California.

4.    Plaintiffs' claims for punitive and/or exemplary damages and statutory penalties are barred to the extent the provision of California law allowing the award of punitive and/or exemplary damages and statutory penalties, and the substantive rules, procedures and standards for determining whether or not to award them, and, if so, in what amount, violate J.B. HUNT's rights to equal protection under the United States and California Constitutions.

5.    Plaintiffs' Complaint and/or each purported cause of action therein is barred by the doctrine of unclean hands and or waiver. Specifically, J.B. HUNT alleges that to the extent it provided Plaintiffs' and or members of the putative class the opportunity to take a meal or rest break, and Plaintiffs' or the putative class declined or refused to do so, Plaintiffs and the putative class cannot recover. J.B. HUNT will be leave to amend this answer to allege further facts in support of this affirmative defense upon the discovery of same.

6.    Plaintiffs' Complaint and/or each purported cause of action therein is barred by the doctrines of laches and/or estoppel. J.B. HUNT will be leave to amend this answer to allege further facts in support of this affirmative defense upon the discovery of same.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

2

1          7.     Plaintiffs' Complaint and/or each purported cause of action therein is barred

2  because, to the extent that Plaintiffs and the putative class members, or some of them, seek to

3  recover equitable relief, Plaintiffs and the putative class members are not entitled to such relief

4  because they have an adequate remedy at law.

5          8.     Plaintiffs, and each of them, have waived their right to some or all of the meal

6  or rest breaks either (a) by failing to take breaks that were provided to them as required by law, (b)

7  choosing to take rest breaks that were authorized and permitted, or by waiving the right to take meal

8  breaks or (c) waiving the breaks under Cal. Lab. Code § 512(a).

9          9.     The California Business and Professions Code Section 17200 *et seq.* is

10  unconstitutionally vague and overbroad in the manner in which Plaintiffs and the putative class

11  members claim that said statutes apply to J.B. HUNT's business practices and thus constitutes a

12  violation of J.B. HUNT's right to due process.

13         10.    Plaintiffs' Complaint and/or each purported cause of action therein is barred

14  because Plaintiffs and the putative class members, or some of them, have failed to take reasonable

15  steps to mitigate their damages, if any.

16         11.    Plaintiffs' Complaint and/or each purported cause of action therein cannot be

17  maintained against J.B. HUNT because if J.B. HUNT's employees (including Plaintiffs and/or the

18  putative class members) took the actions alleged, such actions were committed outside the course

19  and scope of such employees' employment, were not authorized, adopted or ratified by J.B. HUNT,

20  and/or J.B. HUNT did not know of nor should they have known of such conduct.

21         12.    To the extent that Plaintiffs and the putative class members seek to recover

22  waiting time and other statutory penalties, Plaintiffs and the putative class members have failed to

23  state a claim for such penalties because even assuming, *arguendo*, that Plaintiffs and the putative

24  class members are entitled to any additional compensation, J.B. HUNT has not willfully or

25  intentionally failed to pay any such additional compensation to Plaintiffs and the putative class

26  members, they never made a demand for such additional compensation.

27         13.    Plaintiffs' fourth cause of action for penalties under California Labor Code

28  sections 203 is barred because there exists a *bona fide* dispute as to whether further compensation is

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
Floor 5
Los Angeles, CA 90067.3107
310.553.0308

3.

1   actually due to Plaintiffs and the putative class members and, if so, as to the amount of such further
2   compensation.

3         14.    Plaintiffs' claims for statutory penalties are barred because, to the extent that
4   Plaintiff and the putative class members seek to recover any penalties allegedly accrued more than
5   one year before the filing of this action as such claims are barred by the statute of limitations in
6   California Code of Civil Procedure Section 340(a).

7         15.    Plaintiffs' second cause of action for alleged failure to permit and pay for
8   meal and rest periods is barred because there is no private right of action under California Labor
9   Code Section 226.7.

10         16.    J.B. HUNT alleges on information and belief that a  reasonable opportunity
11   for investigation and discovery may reveal and, on that basis, allege that evidence acquired
12   subsequent to Plaintiffs' and the putative class members' filing of the Complaint bars and/or limits
13   the amount of damages Plaintiffs and the putative class members can recover on their claims,
14   assuming *arguendo* they are able to establish liability in the first instance.

15         17.    The Complaint fails to state a claim upon which prejudgment interest may be
16   granted, as the damages claimed are not sufficiently certain to allow an award of prejudgment
17   interest.

18         18.    The Complaint and each cause of action alleged therein are barred by the
19   applicable statues of limitations, including but not limited to, California Code of Civil Procedure
20   sections 338, 339 and 340.

21         19.    The compensation Plaintiffs assert J.B. HUNT failed to pay in a timely
22   fashion was not earned at the time of discharge.

23         20.    Plaintiffs' damages and penalties are barred, in whole or in part, under the
24   California legal doctrine of avoidable consequences.

25         21.    The provisions of the Hazardous Materials Transportation Act, 49 U.S.C.
26   section 5101, *et seq.*, conflict with the requirements of California Labor Code section 226.7, such
27   that J.B. HUNT's compliance with the Hazardous Materials Transportation Act necessarily
28   precludes compliance with Labor Code section 226.7, and therefore under principles of conflict

4.

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310 553 0308

1  preemption, federal law supersedes any contrary state law requirements and accordingly, all claims

2  based on and derivative of claim under Labor Code section 226.7 must be adjudicated in J.B.

3  HUNT's favor.

4          22.    To the extent that Plaintiffs assert a claim for unpaid overtime wages, J.B.

5  HUNT is exempt from such overtime provisions as noted in Section 13(b)(1) of the FLSA, pursuant

6  to the Motor Carrier Act, Title 49 U.S.C. §§31502, 31132 *et. seq.*

7          *23.*    Plaintiffs' Complaint and each claim therein is barred as a result of Plaintiffs'

8  failure to exhaust their administrative remedies, including, but not limited to, those required under

9  the California Private Attorney General Act, Cal. Lab. Code § 2698 *et seq.*

10         24.    The Complaint and each cause of action set forth therein cannot be maintained

11 against J.B. HUNT because the principles of fairness and equity operate to bar the imposition of

12 penalties under California Labor Code sections 203 and 226 and the Wage Orders.

13         25.    The imposition of replicating penalties, as applied to the alleged facts and

14 circumstances of this case, would violate J.B. HUNT's due process rights under the Fourteenth

15 Amendment of the United States Constitution and under the Constitution and laws of the State of

16 California. *Lockyer v. R.J.* Reynolds *Tobacco Co.* (2005) 37 Cal. 4th 707; *Ratner v. Chemical Bank*

17 *New York Trust Co.* (S.D.N.Y. 1972) 54 F.R.D. 412.

18         26.    The provisions of the Federal Motor Carrier Act conflict with the

19 requirements of California Labor Code section 226.7, such that J.B. HUNT's compliance with the

20 Act necessarily precludes compliance with Labor Code section 226.7, and therefore under principles

21 of conflict preemption, federal law supersedes any contrary state law requirements and accordingly,

22 all claims based on and derivative of claim under Labor Code section 226.7 must be adjudicated in

23 J.B. HUNT's favor.

24         27.    The Commerce Clause of the United States Constitution bars Plaintiffs'

25 claims and each of them.

26         28.    The Supremacy Clause of the United States Constitution bars Plaintiffs'

27 claims, and each of them. *Lorrilard Tobacco Co. v. Reilly*, 533 U.S. 525 (2001).

28

1    29.  That the Hours of Service regulations promulgated by the federal Department

2 of Transportation pursuant to 49 U.S.C. Section 31502, preempt Labor Code section 226.7.

3    30.  Plaintiffs claims, and those of the putative class are barred, in part or in whole,

4 by the doctrine of primary jurisdiction, in that the Department of Labor has, pursuant to  49 U.S.C.

5 Section 31141, in part or in whole, primary jurisdiction over the claims of Plaintiffs and the putative

6 class.

7    31.  The Complaint and each cause of action therein, or some of them, are barred

8 because the applicable wage orders of the Industrial Welfare Commission are unconstitutionally

9 vague and ambiguous and violate Defendant's rights under the United States Constitution, the

10 California Constitution and/or other laws as to, among other things, due process of law.

11    32.  To the extent Plaintiffs seek statutory or other penalties, such claims must

12 comport with the due process requirements of State Farm v. Campbell, 538 U.S. 408 (2003).

13    J.B. HUNT does not presently know all facts respecting the conduct of Plaintiffs and

14 the putative class members sufficient to state all affirmative defenses at this time.  J.B. HUNT

15 reserves the right to amend this Answer should it later discover facts demonstrating the existence of

16 additional affirmative defenses.

17    WHEREFORE, J.B. HUNT prays judgment against Plaintiffs as follows:

18    1.  For an order dismissing Plaintiffs' claims with prejudice, and entering

19 judgment in favor of J.B. HUNT and against Plaintiffs;

20    2.  For all reasonable costs and attorneys' fees incurred by J.B. HUNT in

21 connection with the defense of this matter; and

22

23

24

25

26

27

28

LITTLER MENDELSON
2 3 P a r t n e r s t h i p C o r p o r a t i o n
2 0 c 3 C e n t u r y  a r k  E a s t
5 0 t h  F l o o r
L o s  A n g e l e s ,  C A  9 0 0 6 7 - 3 1 0 7
3 1 0 . 5 5 3 . 0 3 0 8

6.

1        3.     For such other and further relief as the Court in the exercise of its discretion

2  deems just and proper.

3  Dated: December 26 , 2007

4

5

6                          J. KEVIN LILLY
                            KEITH A. JACOBY

7                          LITTLER MENDELSON
                          A Professional Corporation

8                          Attorneys for Defendant
                          J.B. HUNT TRANSPORT, INC.

9

10  Firmwide:83877801.2 023293.1187

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310 553 0308

7.

DEFENDANT J.B. HUNT TRANSPORT, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 2049 Century Park East, 5th Floor, Los Angeles, California 90067.3107. On December 26, 2007, I served the within document(s):

**DEFENDANT J.B. HUNT TRANSPORT, INC.'S ANSWER TO PLAINTIFFS'
COMPLAINT**

☐ This document was transmitted by using a facsimile machine that complies with California Rules of Court Rule 2003(3), telephone number 310.553.5583. The transmission was reported as complete and without error. A copy of the transmission report, properly issued by the transmitting machine, is attached. The names and facsimile numbers of the person(s) served are as set forth below.

☒ by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Los Angeles, California addressed as set forth below.

☐ by emailing a true copy of the document(s) listed above to the email addresses set forth below.

☐ by depositing a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery, and addressed as set forth below.

☐ I caused to be personally delivered a copy of the document(s) listed above to **NATIONWIDE LEGAL, INC.** to be delivered to the address(es) set forth below.

**Paul T. Cullen, Esq.
THE CULLEN LAW FIRM, APC
29229 Canwood Street
Suite 208
Agoura Hills,CA 91301-1555**

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on December 26, 2007, at Los Angeles, California.

/S/
_____
Mary Ann Gerard

Firmwide 83909839.1 023293.1187