FILED
CLERK, U.S. DISTRICT COURT

AUG 29 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

1  KEITH A. JACOBY, Bar No. 150233
   kjacoby@littler.com
2  J. KEVIN LILLY, Bar No. 119981
   klilly@littler.com
3  SCOTT M. LIDMAN, Bar No. 199433
   slidman@littler.com
4  LITTLER MENDELSON
   A Professional Corporation
5  2049 Century Park East
   5th Floor
6  Los Angeles, CA 90067.3107
   Telephone: 310.553.0308
7  Fax No.:   310.553.5583

8  Attorneys for Defendant
   J.B. HUNT TRANSPORT, INC.
9
   PAUL T. CULLEN, Bar No. 19375
10 Paul@cullenlegal.Com
   THE CULLEN LAW FIRM, APC
11 29229 Canwood Street, #207
   Agoura Hills, CA 91301.1555
12 Telephone: 626.744.9436
   Fax No.: 626.744.9436
13 (Additional Plaintiffs' Counsel on p. 2)

14 Attorneys For Plaintiffs
   GERARDO ORTEGA and MICHAEL
15 PATTON

16              UNITED STATES DISTRICT COURT
17
18         CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

19 | GERARDO ORTEGA, ALFREDO       | Case No. 2:07-cv-08336-FMC-JCx (FMOx)
   | SALVATIERRA and MICHAEL D.
20 | PATTON, individually and on behalf | Hon. Florence Marie-Cooper
   | of themselves, all others similarly
21 | situated, and the general public,  | **STIPULATION RE ENTRY OF PROTECTIVE ORDER FOR LIST(S) OF DEFENDANT'S DRIVERS**
22 |              Plaintiffs,           |
23 |      v.                            |
24 | J.B. HUNT TRANSPORT, INC., an      | Trial Date: June 16, 2009
   | Arkansas corporation; and DOES 1   | Complaint Filed: November 19, 2007
25 | to 100, inclusive,                 |
26 |              Defendant.            |
27
28

LITTLER MENDELSON

STIPULATION RE ENTRY OF PROTECTIVE ORDER FOR LIST(S) OF DEFENDANT'S DRIVERS

1  **MARLIN & SALTZMAN**
2  Stanley D. Saltzman, Bar No. 90058
   ssaltzman@marlinsaltzman.com
3  Louis M. Marlin, Bar No. 54053
4  louismarlin@marlinsaltzman.com
   Christina A. Humphrey, Bar No. 226326
5  chumphrey@marlinsaltzman.com
6  29229 Canwood Street, #208
   Agoura Hills, CA 91301.1555
7  Telephone: 818.991.8080
8  Fax No.: 818.991.8081

9  Attorneys For Plaintiffs
10 GERARDO ORTEGA and MICHAEL PATTON

11 **SCHWARTZ, DANIELS & BRADLEY**
12 Arnold W. Schwartz, Bar No. 63436
   arnold.schwartz@schwartzdanielsbradley.com
13 William A. Daniels, Bar No. 172042
14 william.daniels@schwartzdanielsbradley.com
   Marcus J. Bradley, Bar No. 174156
15 marcus.bradley@schwartzdanielsbradley.com
16 29229 Canwood Street, #208
   Agoura Hills, CA 91301.1555
17 Telephone: 310.478.5838
18 Fax No.: 310.478.1232

19 Attorneys For Plaintiffs
20 GERARDO ORTEGA and MICHAEL PATTON

21
22
23
24
25
26
27
28

1.

STIPULATION RE ENTRY OF PROTECTIVE ORDER FOR LIST(S) OF DEFENDANT'S DRIVERS

1   **WHEREAS**, on November 19, 2007, Plaintiffs Gerardo Ortega and Michael D.
Patton (collectively, "Plaintiffs") filed an unverified Complaint for Damages
("Complaint") against Defendant J.B. Hunt Transport, Inc. ("Defendant") in the
California Superior Court for the County of Los Angeles;

    **WHEREAS**, Plaintiffs' Complaint purports to be a putative class action;

    **WHEREAS**, on December 26, 2007, Defendant filed its Answer to Plaintiffs'
Complaint;

    **WHEREAS**, on December 27, 2007, Defendants removed this action to the
United States Central District for the Central District of California;

    **WHEREAS**, in discovery proceedings, Plaintiffs have requested that
Defendant produce certain lists of some of its driver employees with contact
information;

    **NOW, THEREFORE, IT IS HEREBY STIPULATED** by and between
Plaintiffs, on their own behalf and on behalf of all others similarly situated, and
Defendant, by and through their respective counsel of record, that a Protective Order
may be entered by this Court as follows:

1. **DEFINITIONS**

    **1.1.** The term "Confidential Material" as used herein shall mean all of the
following: (i) the list of current and former Intermodal drivers employed by Defendant
in California from November 19, 2003 to August 4, 2008, which Defendant has
agreed to voluntarily produce to Plaintiffs in this proceeding, as well as any other
versions of said list which may be produced by Defendant in the future in this
proceeding; and (ii) any other lists of drivers currently or formerly employed by
Defendant which may be produced to Plaintiffs by Defendant in the future in this
proceeding, either by agreement between the Parties or otherwise.

    **1.2.** The term "Counsel of Record" as used herein shall mean the attorneys of
record in this proceeding, their partners, associates, paralegals, clerks, assistants and
other persons employed by such attorneys, all of whom shall be bound by the

1  provisions of the Protective Order requested herein.

2  **1.3** The term "Expert" as used herein shall mean any independent experts, independent non-expert witnesses, or independent consultants who are not employed by Plaintiffs and/or their Counsel of Record, but who have been expressly retained or sought to be retained by Plaintiffs and/or their Counsel of Record to assist or provide services in connection with this proceeding.

**1.4** The term "Party" or "Parties" as used herein shall mean, in the plural as well as the singular, the named plaintiffs Gerardo Ortega and Michael D. Patton, as well as defendant J.B. Hunt Transport, Inc., and its present officers, directors, managing agents and employees.

**1.5** The term "Professional Vendors" as used herein shall mean persons, entities, or third-party administrators that provide litigation support services (as well as their employees and contractors), who have been expressly retained or sought to be retained by Plaintiffs and/or their Counsel of Record to assist or provide services in connection with this proceeding.

## 2. PURPOSES AND LIMITATIONS OF PROTECTIVE ORDER

The purpose of this Protective Order is to protect the Confidential Material which contains the names and contact information for various persons. The Parties acknowledge that this Protective Order is not intended to nor shall it confer blanket protections on all disclosures or responses to discovery and that the protections entered pursuant to this Protective Order extends only to the Confidential Material.

## 3. USE AND DISCLOSURE OF CONFIDENTIAL MATERIAL

**3.1.** Plaintiffs and their Counsel of Record may use the Confidential Material solely for prosecuting, defending, or attempting to settle this litigation and not for any other purpose, including, but not limited to, inclusion in a book, periodical or other publication, formal or informal, or for inclusion in a list to be used for commercial use. Nothing in this Protective Order is intended, nor shall it be deemed, to limit or restrict in any way Defendant's rights with respect to the use and disclosure of the

3.

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

STIPULATION RE ENTRY OF PROTECTIVE ORDER FOR LIST(S) OF DEFENDANT'S DRIVERS

This Protective Order is strictly a pretrial order and does not govern the trial in this action. Once this case proceeds to trial, all of the information that was designated as confidential and/or kept and maintained pursuant to the terms of this Protective Order becomes public and will be presumptively available to all members of the public, including the press, unless good cause is shown to the District Judge in advance of the trial to proceed otherwise.

Confidential Material.

 **3.2.** Confidential Material which is produced in this proceeding may be disclosed only to the following persons:

  (a) The Parties;

  (b) Counsel of Record;

  (c) The Court, persons employed by the Court, and the reporter transcribing testimony or argument at a hearing, trial or deposition in this action;

  (d) Experts;

  (e) Professional Vendors;

  (f) Witnesses at a deposition or other pre-trial proceedings in this action, to the extent deemed reasonably necessary by Counsel of Record to aid in the prosecution, defense, or settlement of this action; and

  (g) Any others person(s) as to whom the Parties agree in writing.

 **3.3.** Any person to whom the Confidential Material may be disclosed pursuant to this Protective Order, except those individuals identified in paragraph 3.2, subsections (a), (b) and (c) above, shall first be shown and read a copy of this Protective Order and shall agree in writing to be bound by its terms by executing the "Acknowledgment And Agreement To Be Bound" attached hereto as Exhibit A.

 **3.4.** If Plaintiffs and/or their Counsel of Record intend to file the Confidential Material with the Court, they agree that they will take all appropriate and good faith efforts to file it under seal, with a notation that the material is "CONFIDENTIAL."

 **3.5.** Confidential Material must be stored, maintained and kept confidential in a manner that ensures that access is limited by Plaintiffs, their Counsel of Record and any persons to whom they disclose said Confidential Information pursuant to the terms of this Protective Order.



pursuant to Local Rule 79-5

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

4.

STIPULATION RE ENTRY OF PROTECTIVE ORDER FOR LIST(S) OF DEFENDANT'S DRIVERS

4. **UNAUTHORIZED DISCLOSURE OF CONFIDENTIAL MATERIAL**

If Plaintiffs, their Counsel of Record and any persons to whom they disclose said Confidential Information pursuant to the terms of this Protective Order learns that, by inadvertence or otherwise, Confidential Material has been disclosed to any person or in any circumstance not authorized by this Protective Order, the person that learned of such unauthorized disclosure must immediately (a) notify Defendant's Counsel of Record in writing of the unauthorized disclosures; (b) use his, her or its best efforts to retrieve all copies of the Confidential Material; (c) inform the person or persons to whom the unauthorized disclosures were made of all of the terms of this Protective Order; and (d) request such person or persons to execute the "Acknowledgment And Agreement To Be Bound" attached hereto as Exhibit A.

5. **MISCELLANEOUS**

5.1 Nothing in this Protective Order is intended, nor shall it be deemed, to abridge the rights of any person to seek its modification by the Court in the future.

5.2. By stipulating to the entry of this Protective Order, the Parties do not waive any rights they might otherwise have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, the Parties do not waive any right to object on any ground to use in evidence of any of the Confidential Material.

5.3. By producing the Confidential Material to Plaintiffs, Defendant is not conceding that such Confidential Material includes individuals who are or should be members of a putative class in this litigation, and Defendant expressly reserves and retains all such objections related thereto.

5.4. If another court or administrative agency subpoenas or orders production of Confidential Material that a person has obtained under the terms of this Protective Order, such person shall promptly notify Defendant's Counsel of Record of the pendency of the subpoena or order and shall not produce the Confidential Material until Defendant has had a reasonable time to object or otherwise take appropriate steps

Any disputes relating to the Protective Order such as designation of confidential documents shall be done pursuant to Local Rule 37. In making or opposing any motion relating to the designation of confidential information, the party seeking to maintain a document as confidential shall bear the burden of showing specific prejudice or harm will result if no protective order is granted.

1  to protect the Confidential Material. Nothing herein is intended to require a person to
2  refuse compliance with a properly served and lawful subpoena or court order.
3  **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**
4
5  Dated: August 14, 2008
6
7                                         _____
8                                         J. KEVIN LILLY
                                          KEITH A. JACOBY
9                                         SCOTT M. LIDMAN
                                          LITTLER MENDELSON
10                                        A Professional Corporation
                                          Attorneys for Defendant
11                                        J.B. HUNT TRANSPORT, INC.
12 Dated: August 14, 2008
13
14                                        _____
                                          Christina A. Humphrey
15                                        MARLIN & SALTZMAN
                                          SCHWARTZ, DANIELS & BRADLEY
16                                        THE CULLEN LAW FIRM
                                          Attorneys for Plaintiffs
17                                        GERARDO ORTEGA and MICHAEL
                                          PATTON
18
19
20
21
22
23
24
25
26
27
28

6.

STIPULATION RE ENTRY OF PROTECTIVE ORDER FOR LIST(S) OF DEFENDANT'S DRIVERS

# EXHIBIT A

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I _____, declare under penalty of perjury that I have read in its entirety and understand the protective order that was issued by the Court in the case of *Gerardo Ortega, et al. v. J.B. Hunt Transport, Inc.*, USDC Case No. 2:07-CV-08336-FMC-JCx. I agree to comply with and to be bound by all of the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me or the party who disseminates the CONFIDENTIAL MATERIAL, without proper authorization, to sanctions. I agree that I will not disclose, in any manner, any information or item that is subject to the Protective Order to any person or entity, except in strict compliance with the provisions of this Protective Order and that I will not sue it for any other purpose including, but not limited to, inclusion in a book, periodical, or other publication, formal or informal.

I further agree to submit to the jurisdiction of a Court of competent jurisdiction for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after the termination of this action.

Executed this _____ day of _____, 2008, at

_____.

By: _____

Title: _____

Firmwide:86072545.2 023293.1187

## ORDER

The Court, having reviewed the Stipulation of the parties to the Protective Order for List(s) of Defendant Drivers, hereby adopts the terms of the Stipulation as amended by the court and ORDERS that the Protective Order be entered on this day.

Dated: August 29, 2008

/s/
Hon. Fernando M. Olguin
U.S. District Magistrate Judge

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

2.