MARLIN & SALTZMAN
Stanley D. Saltzman (SBN 90058)
Adam M. Tamburelli (SBN 301902)
29800 Agoura Road, Suite 210
Agoura Hills, California   91301
Telephone:   (818) 991-8080
Facsimile:   (818) 991-8081
ssaltzman@marlinsaltzman.com
atamburelli@marlinsaltzman.com

Paul T. Cullen (SBN 193575)
THE CULLEN LAW FIRM, APC
19360 Rinaldi Street, Box 647
Porter Ranch, CA 91326
818-360-2529/ fax 866-794-5741
paul@cullenlegal.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA -- WESTERN DIVISION

| | |
|---|---|
| GERARDO ORTEGA and MICHAEL D. PATTON, individually and on behalf of themselves, all others similarly situated, and the general public,<br><br>         Plaintiffs,<br><br>  vs.<br><br>J. B. HUNT TRANSPORT, INC., an Arkansas corporation; and DOES 1 to 10, inclusive,<br><br>         Defendants. | CASE NO.  2:07-CV-08336-RGK-SH<br><br>**CLASS ACTION** (FRCP 23)<br><br>**SECOND AMENDED COMPLAINT FOR DAMAGES:**<br><br>1.  **RECOVERY OF UNPAID MINIMUM WAGES (Lab. Code §1194);**<br>2.  **RECOVERY OF UNPAID WAGES AT THE AGREED RATE (SECRET LOWER WAGE) (Lab. Code § 221-223)**<br>3.  **FAILURE TO PROVIDE MEAL AND REST PERIODS (Lab. Code § 226.7);**<br>4.  **FAILURE TO TIMELY FURNISH ACCURATE ITEMIZED WAGE STATEMENTS (Lab. Code § 226(a));** |

)  **5.  VIOLATIONS OF LAB. CODE**
)  **§ 203;**
)  **6.  DECLARATORY RELIEF;**
)  **7.  INJUNCTIVE RELIEF;**
)  **8.  UNFAIR BUSINESS**
)  **PRACTICES (B&PC §§ 17200 *et***
)  ***seq.*);  and,**
)  **9.  PRIVATE ATTORNEYS**
)  **GENERAL ACT OF 2004 (Lab.**
)  **Code §§ 2698 *et seq.*)**
)
)
)  **DEMAND FOR JURY TRIAL**
)

Plaintiffs GERARDO ORTEGA and MICHAEL D. PATTON, on behalf of themselves, all others similarly situated, and the general public (hereinafter "Plaintiffs") hereby file this Complaint against Defendant J. B. HUNT TRANSPORT, INC., an Arkansas corporation; and DOES 1 to 10, inclusive (hereinafter collectively referred to as "Defendants").  Plaintiffs are informed and believe, and on the basis of that information and belief, allege as follows:

## I.

## INTRODUCTION

1.      Pursuant to California Fed. R. Civ. P. 23 and California Business and Professions Code ("B&PC") §§ 17200, et seq., Plaintiffs have filed this action, seeking class action treatment, to recover unpaid wages and penalties from Defendants for their violations of, *inter alia,* California Labor Code Labor Code §§ 200, et seq., 512 and 1194, et seq., B&PC §§ 17200, et seq., the applicable Wage Order(s) issued by the California Industrial Welfare Commission (hereinafter, the "IWC Wage Order(s)"), and related common law principles.

**SECOND AMENDED COMPLAINT FOR DAMAGES**
2

2.     This Class Action lawsuit challenges the Defendants' employment practices with respect to its local and regional drivers employed in the State of California and other similarly-titled employees, primarily in that Defendants did not pay their local and regional drivers minimum wages for all hours worked and failed to ensure that their local and regional drivers were actually relieved of all duty at meal periods.  Plaintiff's action seeks general and liquidated damages, penalties, declaratory relief, injunctive relief and restitution from Defendants.

3.     The acts complained of herein have occurred, are presently occurring, and are expected to continue occurring, within the time period from four (4) years preceding the filing of the original Complaint herein, up to and through the time of trial for this matter (hereinafter, the "Relevant Time Period").

4.     Plaintiff is informed and believes and thereon alleges that all of Defendants' local and regional drivers in the State of California had virtually the same duties and responsibilities, regardless of region, district, and/or facility.  As a consequence, any differences between particular individual employees who have worked as local and regional drivers for Defendants, in terms of the duties actually performed, were and are legally insignificant to the issues presented by this action.

5.     The economic reality of the relationship was that the Plaintiffs, who were non-exempt employees of the Defendants, were suffered to:

      a.  regularly work without being paid minimum wages or agreed rates as required by law (e.g. <u>Labor Code</u> §§ 221-223 and 1194);

/ / /

**SECOND AMENDED COMPLAINT FOR DAMAGES**

b.  work without being afforded proper meal and rest periods in conformity with California law (e.g. <u>Labor Code</u> § 226.7 and the applicable IWC Wage Order(s));

c.  work without being provided accurate wage statements/paystubs in violation of <u>Labor Code</u> § 226(a);

d.  work without having timely received all pay due to them, in particular, upon the termination of their employment (whether voluntary or involuntary), in violation of <u>Labor Code</u> § 203;

e.  work without being properly reimbursed and/or indemnified for the necessary expenditures or losses incurred by them in direct consequence of the discharge of their duties, or of their obedience to the directions of the employer, e.g. mileage, sales materials, cell phones charges, and the like;

f.  work in a business environment where they were routinely and uniformly subjected to unfair business practices within the meaning of B&PC §§ 17200 et seq.

## II.

## <u>JURISDICTION AND VENUE</u>

6.   The United States District Court for the Central District of California has jurisdiction over this case by virtue of removal under C.A.F.A., after the Plaintiffs originally filed in the Superior Court for the County of Los Angeles, due to the fact that many of the alleged violations (a) of California <u>Labor Code</u> (i.e.

§§ 200 et seq.), (b) California <u>Business and Professions Code</u> §§ 17200 et seq. and (c) related common law occurred in the County of Los Angeles.

7.    Venue is proper in the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§ 1391(b) and (c), because a substantial part of the events or omissions giving rise to the claims occurred and had their primary effect in this judicial district, including but not limited to 5650 Southern Ave., South Gate, CA 90280 and all complaints seeking class actions must be filed in the Central District.  Moreover, Plaintiffs are informed and believe that defendant J. B. HUNT TRANSPORT, INC., an Arkansas corporation, is domiciled in the State of California.  Venue remains proper for the United States District Court for the Central District of California under the Federal Rules of Civil Procedure.

### III.

### PARTIES

<u>NAMED PLAINTIFFS</u>

8.    Plaintiffs GERARDO ORTEGA and MICHAEL D. PATTON are all individuals over the age of eighteen (18) and were, at all relevant times mentioned in this Complaint, residents and domiciliaries of the State of California.

9.    Plaintiffs GERARDO ORTEGA and MICHAEL D. PATTON worked for Defendants in California at Defendants' center of operations located at 5650 Southern Ave., South Gate, CA 90280 during the Relevant Time Period in the County of Los Angeles.  Both GERARDO ORTEGA and MICHAEL D. PATTON worked during the Relevant Time Period as intermodal drivers.  During the

relevant time period, GERARDO ORTEGA also worked as a Direct Contract Services ("DCS") driver.

10.     Plaintiffs seek damages, including, but not limited to restitution for unpaid wages, reimbursement, penalties and other compensation, from Defendants for the Relevant Time Period, because Defendants have:

     a.  Failed to pay Plaintiffs minimum wages or agreed rates for all hours worked;

     b.  Failed to provide Plaintiffs proper meal and rest periods;

     c.  Failed to furnish Plaintiffs accurate itemized wage statements;

     d.  Failed to timely pay Plaintiffs all wages due them at the time of their termination from employment; and/or,

     e.  Subjected Plaintiffs to unfair business practices within the meaning of B&PC §§ 17200 et seq.

DEFENDANT J.B. HUNT TRANSPORT, INC.

11.     Plaintiffs are informed and believe and thereon allege that Defendant J.B. HUNT TRANSPORT, INC. holds itself out as one of the largest transportation logistics companies in North America, but that it, nevertheless, was, for purposes of jurisdiction, domiciled at all times during the Relevant Time Period in the State of California.

DEFENDANTS DOES 1 TO 10, INCLUSIVE

12.     DOES 1 to 10, inclusive are now, and/or at all times mentioned in this Complaint were licensed to do business and/or actually doing business in the State of California.   Plaintiffs do not know the true names or capacities, whether

individual, partner or corporate, of DOES 1 to 10, inclusive and for that reason, DOES 1 to 10 are sued under such fictitious names pursuant to California <u>Code of Civil Procedure</u> ("<u>CCP</u>") §474.  Plaintiffs will seek leave of court to amend this Complaint to allege such names and capacities as soon as they are ascertained. DOES 1 through 5 are believed to be business entities who were co-employers of the Plaintiffs and the putative Class herein.

<u>ALL DEFENDANTS</u>

13.   Plaintiffs are informed and believe, and based upon such information and belief allege, that the Defendants, and each of them, are now and/or at all times mentioned in this Complaint were in some manner legally responsible for the events, happenings and circumstances alleged in this Complaint.

14.   Plaintiffs are further informed and believe, and based upon such information and belief allege, that at all times herein mentioned, all Defendants, and each of them, were and are the agents, servants, employees, joint venturers, and/or partners of each of the other Defendants, and were, at all such times, acting within the course and scope of said employment and/or agency; furthermore, that each and every Defendant herein, while acting as a high corporate officer, director and/or managing agent, principal and/or employer, expressly directed, consented to, approved, affirmed and ratified each and every action taken by the other co-Defendants, as herein alleged and was responsible in whole or in part for the matters referred to herein.

15.   Plaintiffs are further informed and believe, and based upon such information and belief allege, that at all times herein mentioned, Defendants, and

each of them, proximately caused Plaintiffs, all others similarly situated and the general public to be subjected to the unlawful practices, wrongs, complaints, injuries and/or damages alleged in this Complaint.

16.    Defendants, and each of them, are now and/or at all times mentioned in this Complaint were members of and/or engaged in a joint venture, partnership and common enterprise, and were acting within the course and scope of, and in pursuit of said joint venture, partnership and common enterprise and, as such were co-employers of the Plaintiffs and the putative Class herein.

17.    Defendants, and each of them, at all times mentioned in this Complaint concurred with, contributed to, approved of, aided and abetted, condoned and/or otherwise ratified the various acts and omissions of each and every one of the other Defendants in proximately causing the injuries and/or damages alleged in this Complaint.

## IV.

## CLASS ACTION ALLEGATIONS

18.    Pursuant to Fed.R.Civ.P. Rule 23(a)(1)-(4), 23(b)(2), and 23(b)(3), this action is brought and may be properly maintained as a class action.  This action satisfies the ascertainability, numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of those provisions.

19.    Plaintiffs bring this suit as a class action pursuant to Fed.R.Civ.P. Rule 23, on behalf of the Class of individuals which are defined as follows:

> All of Defendants' California-based, local and regional intermodal and local and regional DCS drivers who worked for Defendants

during the Relevant Time Period ("Covered Position").  The definition excludes over-the-road drivers;

20.     Plaintiffs further seek to establish one subclass, the Labor Code **§** 203 Subclass, which is defined as all Class members who worked in a Covered Position during the Relevant Time Period and who are no longer employed by Defendants herein.

21.     Numerosity:  Plaintiffs are informed and believe and based on such information and belief allege that, in conformity with Rule 23(a)(1), the potential membership in each of the classes is so numerous that joinder of all members is impractical.   While the exact number of members in each of the classes is presently unknown to Plaintiffs, Plaintiffs estimate membership in the Class to exceed 1,000 and the Subclass to exceed 500.   The exact number and specific identities of the members of the Class, including the Labor Code **§** 203 Subclass, may be readily ascertained through inspection of Defendants' business records.

22.     Questions of Law or Fact Common to the Class:   Plaintiffs are informed and believe and based on such information and belief allege that numerous questions of law and/or fact are common to all members of the Class and Subclass (and that these common questions predominate over any individual issues), including, without limitation:

a. Whether the members of the Class received the legal minimum wage or agreed rate under California law for all hours during which they were subject to Defendants' control;

b.  Whether Defendants failed and continue to fail to provide meal periods and paid rest periods, free of duty, to the members of the Class in violation of the <u>Labor Code</u> and Sections 11 and 12 of the applicable <u>IWC Wage Order(s)</u>;

c.  Whether the members of the Class are entitled to seek recovery of compensation pursuant to <u>Labor Code</u> § 558 and, if so, for what time period(s);

d.  Whether Defendants failed to timely furnish accurate itemized statements to the members of the Class in conformity with <u>Labor Code</u> § 226(a) and, if not, whether liability for the same accrues under <u>Labor Code</u> § 226(e) and (g);

e.  Whether the members of the <u>Labor Code</u> § 203 Subclass are entitled to penalties pursuant to <u>Labor Code</u> § 203;

f.  The correct statute of limitations for the claims of the members of the Class;

g.  Whether Defendants' conduct constitutes unfair competition and/or business practices within the meaning of <u>B&PC</u> §17200 et seq.;

h.  Whether the members of the Class are entitled to compensatory damages, and if so, the means of measuring such damages;

i.  Whether the members of the Class are entitled to injunctive relief;

j.  Whether the members of the Class are entitled to restitution;

k.  Whether Defendants are liable for pre-judgment interest; and

l.  Whether Defendants are liable for attorneys' fees and costs.

23.   Typicality:  Plaintiffs are informed and believe and based on such information and belief allege that Plaintiffs' claims are typical of the claims of all members of the Class whom they seek to represent.  Defendants treated both Plaintiffs and all members of the Class in a virtually identical manner with respect to the violations of law asserted herein.  These violations of law arise out of Defendants' common course of conduct in requiring members of the Class to (a) work hours for which they were not properly compensated (in terms of basic minimum wages or agreed rates), (b) forego paid rest periods to which they were entitled, (c) receive inaccurate wage statements, and (d) endure patently unfair business practices within the meaning of B&PC § 17200, et seq.

24.   Adequacy:  Plaintiffs are informed and believe and based on such information and belief allege that Plaintiffs will fairly and adequately protect the interests of the members of the Class they seek to represent.  Plaintiffs are adequate representatives of the Class because they are members of the Class and their interests do not conflict with the interests of the members of the Class they seek to represent.  Plaintiffs have retained counsel competent and experienced in the prosecution of complex class actions, and together Plaintiffs and their counsel intend to prosecute this action vigorously for the benefit of the Class.  The interests of the Class members will be fairly an adequately protected by Plaintiffs and their counsel.

25.   Superiority: Plaintiffs are informed and believe and based on such information and belief allege that this action is properly brought as a class action,

not only because the prerequisites of Rule 23 and common law related thereto are satisfied (as outlined above), but also because of the following:

    a.   The prosecution of separate actions by or against individual members of the Class would create risk of inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for the party opposing the Class;

    b.   Adjudications with respect to individual members of the Class would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests;

    c.   Defendants have acted or refused to act on grounds generally applicable to all members of the Class, making injunctive relief or declaratory relief appropriate with respect to all of the Class;

    d.   Questions of law or fact common to the members of the Class predominate over any questions affecting only individual members; and,

    e.   Class action treatment is superior to other available methods for the fair and efficient adjudication of the controversy.

/ / /

/ / /

/ / /

# V.

## <u>INDIVIDUAL CAUSES OF ACTION</u>

### FIRST CAUSE OF ACTION

RECOVERY OF UNPAID MINIMUM WAGES
**(Pursuant to Labor Code §§ 221-223, 1194 - On Behalf of the Class)**
**(Against All Defendants)**

26.     Plaintiffs incorporate by reference and re-allege each and every one of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

27.     Failure of an employer to pay its employees the minimum wage fixed by the California Labor Commission violates, *inter alia* <u>Labor Code</u> §1197.

28.     During the Relevant Time Period, Defendants required the members of the Class to remain under Defendants' control without paying therefor, which resulted in the members of the Class earning less than the legal minimum wage in the State of California for portions of the days during which they worked.

29.     Specifically, Defendants maintained a practice of refusing to pay hourly rates of at least the state-mandated minimum wage for time spent by Class members doing the following:  (a) waiting for "Detention Time" pay to become available after specified periods of time (e.g. waiting in lines for periods at intermodal terminals for periods of less than two hours), (b) performing pre- and post-trip inspections, (c) fueling vehicles, (d) waiting for dispatch to be issue assignments via on board computer systems, and (e) hooking and unhooking empty trailers.  This list is by no means exhaustive.

30.     Defendants' pattern and practice of uniformly administering a corporate policy, whereby Defendants failed to pay the legal minimum wage to the members of the Class, violates <u>Labor Code</u> §§ 221-223,1194(a).

31.     Accordingly, the members of the Class seek to recover, pursuant to <u>Labor Code</u> § 1194(a), the unpaid balance of the minimum wages owed them, calculated as the difference between the straight time compensation paid and the applicable minimum wage, including interest thereon.

32.     Plaintiffs further seek, as a consequence of Defendants' non-payment of minimum wages, penalties pursuant to the applicable <u>IWC Wage Order</u> at § 20(A).

33.     Plaintiffs also seek all legal remedies available for Defendants' willful non-payment of minimum wages, including but not limited to:

a.      Interest pursuant to <u>Labor Code</u> §§ 218.6 and 1194(a), <u>Civil Code</u> §§ 3287 and § 3289;

b.      Reasonable attorneys' fees and costs of suit pursuant to <u>Labor Code</u> §§ 218.5 and § 1194;

c.      Damages and/or penalties pursuant to <u>Labor Code</u> §558(a).

/ / /

/ / /

/ / /

/ / /

/ / /

## SECOND CAUSE OF ACTION

RECOVERY OF UNPAID WAGES AT THE AGREED RATE

(SECRET LOWER WAGE)

**(Pursuant to Labor Code §§ 221-223 – On Behalf of the Class)**

34.     Plaintiffs incorporate by reference and re-allege each and every one of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

35.     Failure of an employer to pay its employees the agreed rate violates Labor Code §§ 221-223.

36.     During the Relevant Time Period, Defendants required the members of the Class to remain under Defendants' control without paying therefor, which resulted in the members of the Class earning less than the agreed rate for portions of the days during which they worked.

37.     Specifically, Defendants maintained a practice of refusing to pay hourly rates of at least the agreed rate for time spent by Class members doing the following:  (a) waiting for "Detention Time" pay to become available after specified periods of time (e.g. waiting in lines for periods at intermodal terminals for periods of less than two hours), (b) performing pre- and post-trip inspections, (c) fueling vehicles, (d) waiting for dispatch to issue assignments via on board computer systems, and (e) hooking and unhooking empty trailers.  This list is by no means exhaustive.

38.     Defendants' pattern and practice of uniformly administering a corporate policy, whereby Defendants failed to pay the agreed upon rate to the

members of the Class for the portions of the day specified hereinabove (e.g. in paragraphs 29 and 38), violates <u>Labor Code</u> §§ 221-223 and so constitutes an unjust enrichment.

39.     Accordingly, the members of the Class seek to recover the unpaid balance of wages at the agreed rate owed them.

40.     Plaintiffs also seek all legal remedies available for Defendants' willful non-payment of wages at the agreed rate, including but not limited to:

a.     Interest pursuant to <u>Labor Code</u> §§ 218.6 and <u>Civil Code</u> §§ 3287 and § 3289;

b.     Reasonable attorneys' fees and costs of suit pursuant to <u>Labor Code</u> § 218.5;

c.     Damages and/or penalties pursuant to <u>Labor Code</u> § 558(a).

## THIRD CAUSE OF ACTION

FAILURE TO PROVIDE MEAL AND REST PERIODS

**(Pursuant to Labor Code § 226.7 - On Behalf of the Class)**
**(Against All Defendants)**

41.     Plaintiffs incorporate by reference and re-allege each and every one of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

42.     Plaintiffs are informed and believe and thereon allege that all members of the Class regularly worked more than five (5) hours per shift; thus, they were entitled to a meal period of not less than thirty (30) minutes without

duty.   Plaintiffs are further informed and believe and thereon allege that all members of the Class regularly worked 8 or more hours per shift, thus they were entitled to two paid rest periods of not less than ten (10) minutes without duty.

43.   Nevertheless, Plaintiffs are informed and believe and thereon allege that Defendants routinely failed to timely provide members of the Class with such meal periods and paid rest periods without duty, notwithstanding the fact that members of the Class had not waived their right to the same.   This is to say that Defendants treated Class members as if they were exempt from the meal and rest period requirements established by <u>Labor Code</u> §§ 226.7, 512, 516 and Sections 11 and 12 of the <u>IWC Wage Order(s)</u>, and, in failing to comply with these provisions of California law, Defendants denied and/or failed to permit the Class meal and rest periods on a regular basis.

44.   Plaintiffs seek damages (in terms of premium pay) pursuant to Section 11(D) and/or 12(B) of the <u>IWC Wage Order(s)</u> and <u>Labor Code</u> § 226.7(b), in the amount of one (1) additional hour of pay at the employee's regular rate of compensation for each work day that the meal and/or rest period is/was not provided to any member of the Class, the cumulative sum of which is to be proved at time of trial.

45.   Plaintiffs further seek penalties pursuant to <u>Labor Code</u> § 558(a) for Defendants' failure to provide such meal and rest periods.

46.   Plaintiffs seek pre-judgment interest on all amounts recovered herein pursuant to <u>Labor Code</u> §§ 218.6, 1194(a) and <u>Civil Code</u> §§ 3287(b) and 3289.

**SECOND AMENDED COMPLAINT FOR DAMAGES**

17

## FOURTH CAUSE OF ACTION

### FAILURE TO TIMELY FURNISH ACCURATE ITEMIZED WAGE STATEMENTS
### (Pursuant to Labor Code § 226(a) – On Behalf of the Class)
### (Against All Defendants)

47.     Plaintiffs incorporate by reference and re-allege each and every one of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

48.     Defendants paid the Class on a piece-rate basis, typically on a cents per mile basis with some variations thereon.  However, as noted above, Defendants failed to pay the Class minimum wages for all hours worked by Class Members during the Relevant Time Period.

49.     Plaintiffs are informed and believe and thereon allege that Defendants, in violation of Labor Code § 226(a), engaged in a consistent practice with respect to the Class of regularly failing to furnish each of the members of the Class with accurate itemized statements in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) all deductions, (4) net wages earned and/or (5) all applicable hourly rates in effect during each respective pay period and the corresponding number of hours worked at each hourly rate by each respective individual.

50.     Plaintiffs are further informed and believe and thereon allege that Defendants did not maintain accurate business records pertaining to the total hours worked for Defendants by the members of the Class.

/ / /

51.     Plaintiffs herein seek on behalf of themselves and the Class, penalties pursuant to <u>Labor Code</u> § 226(e) for each violation by Defendants of <u>Labor Code</u> § 226(a).

52.     Plaintiffs further seek preliminary and permanent injunctive relief pursuant to <u>Labor Code</u> § 226(g).

53.     Plaintiffs seek an award of reasonable attorneys' fees and costs pursuant to <u>Labor Code</u> § 226(g).

## FIFTH CAUSE OF ACTION

### VIOLATIONS OF LABOR CODE §203
**(Pursuant to Labor Code § 203 - On Behalf of the LC 203 Subclass)**
**(Against All Defendants)**

54.     Plaintiffs incorporate by reference and re-allege each and every one of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

55.     Plaintiffs are informed and believe and thereon allege that Defendants, in violation of <u>Labor Code</u> § 203, consistently and willfully failed to timely pay not only them, but all members of the <u>Labor Code</u> § 203 Subclass, all wages due and owing to said Subclass members at the time of termination of employment, including basic minimum wages and premium pay due for denial of meal periods as set forth hereinabove.

56.     Plaintiff seeks on behalf of <u>Labor Code</u> § 203 Subclass the penalties to which they are entitled pursuant to <u>Labor Code</u> § 203, in the amount of each

Labor Code § 203 Subclass members' daily wage multiplied by thirty (30) days, the exact amount of which is to be determined at trial.

**SIXTH CAUSE OF ACTION**
DECLARATORY RELIEF
**(On Behalf of the Class)**
**(Against All Defendants)**

57.     Plaintiffs incorporate by reference and re-allege each and every one of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

58.     An actual controversy has arisen between the Plaintiffs and the plaintiff Class, on one hand, and the Defendants, on the other hand, relating to the following matters:

a.  Whether Defendants have unlawfully suffered Plaintiffs and the plaintiff Class to work without appropriate minimum wages therefor in violation of the law as set forth hereinabove;

b.  Whether Defendants have unlawfully paid the Plaintiffs a secret lower wage in violation of the law as set forth hereinabove;

c.  Whether Defendants, and each of them, may require, as a condition of employment, that current employee members of the plaintiff Class work regular hours and through rest periods without appropriate pay therefor, forego mandatory meal breaks, and accept inaccurate wage statements;

**SECOND AMENDED COMPLAINT FOR DAMAGES**
20

d. What amounts the Plaintiffs and the plaintiff Class are entitled to receive in principal and interest for unpaid wages and/or penalties.

59.    Plaintiffs and the plaintiff Class further seek entry of a declaratory judgment against all Defendants herein and in Plaintiffs' favor, which declares Defendants' practices to be unlawful, and which provides for recovery of all sums determined by this Court to be owed by Defendants, and each of them, to the Plaintiffs and the plaintiff Class.

## SEVENTH CAUSE OF ACTION

### INJUNCTIVE RELIEF
### (On Behalf of All Classes)
### (Against All Defendants)

60.    Plaintiffs incorporate by reference and re-allege each and every one of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

61.    As the Class members' employers, Defendants, and each of them, have threatened to continue to engage in the practices complained of hereinabove as to all members of the Class currently employed by the Defendants, that is to work regular hours and through rest periods without appropriate pay therefor, to forego meal breaks without duty, and to accept inaccurate wage statements.

62.    Plaintiffs and members of the Class have been injured and damaged, and, those who are current employees, are threatened with further injury and damage by Defendants' continuance of such unlawful employment practices.

Members of the plaintiff Class are threatened with immediate, irreparable harm by the continuance of Defendants' unlawful payment practices, and they have no adequate remedy at law.

63.     Defendants have acted, and threaten to act, on grounds generally applicable to the individual members of the Class, thereby making appropriate preliminary and permanent injunctive relief enjoining Defendants and their agents from practicing the unlawful practices heretofore alleged.

64.     As a direct and proximate result of Defendants' conduct, the Class are entitled to have this court grant them a preliminary and permanent injunction restraining Defendants from suffering their employees who are members of the Class herein from being required to work regular hours and through rest periods without appropriate pay therefor, to forego meal periods without duty, and to accept inaccurate wage statements.

## EIGHTH CAUSE OF ACTION

UNFAIR BUSINESS PRACTICES
**(On Behalf of All Classes and the General Public)**
**(Against All Defendants)**

65.     Plaintiffs incorporate by reference and re-allege each and every one of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

66.     Defendants, and each of them, have engaged in unfair business practices in California by utilizing and engaging in an unlawful pattern and practice of failing to properly pay employee compensation as described

hereinabove, specifically, by requiring the plaintiff classes to perform the work without minimum wages, without timely meal periods free of duty, and without proper wage statements.

67.    Defendants' use of such practices is unlawful and constitutes an unfair business practice, unfair competition, and provides an unfair advantage over Defendants' competitors.

68.    Plaintiffs and other similarly situated members of the general public seek full restitution on account of the economic injuries they have suffered along with disgorgement of ill-gotten gains from the Defendants as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by Defendants by means of the unfair business practices complained of herein.

69.    Plaintiffs seek on their own behalf and on behalf of the general public, the appointment of a receiver, as necessary, to oversee said restitution, including all wages earned and unpaid, including interest thereon.

70.    The acts complained of herein, occurred, at least in part, within the last four (4) years preceding this Complaint for Damages.

71.    Further, if Defendants are not enjoined from the unlawful conduct described above, Defendants will continue unabated in their unlawful conduct, which will continue to result in irreparable injury to members of the general public, including, but not limited to all members of the Class who are current employees of the Defendants, and for which there is no adequate remedy at law.   Thus,

Plaintiff requests that the Court issue a preliminary and permanent injunction prohibiting Defendants from engaging in the foregoing conduct.

72.     Plaintiffs, on behalf of the general public and members of the Class, seek full restitution from Defendants, as necessary and according to proof, to restore all monies withheld, acquired and/or converted by Defendants by means of the unfair practices complained of herein.

### NINTH CAUSE OF ACTION

**LABOR CODE PRIVATE ATTORNEYS GENERAL ACT OF 2004**
**(On Behalf of Plaintiffs and All Aggrieved Employees)**
**(Against All Defendants)**

73.     Plaintiffs incorporate by reference and re-allege each and every one of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

74.     Plaintiffs are aggrieved employees as defined in Labor Code Section 2699(a).

75.     Consistent with the requirements of the Labor Code Private Attorneys General Act of 2004 ("PAGA"), on November 6, 2008, Plaintiffs served written notice upon Defendant and filed with the California Labor and Workforce Development Agency ("LWDA") written notice of Plaintiffs' intent to amend their complaint to add a cause of action pursuant to Labor Code §§ 2699 *et seq*.

76.     On December 23, 2008, the California Labor and Workforce Development Agency (LWDA) sent a letter to counsel for both sides of the litigation herein stating that the LWDA had "received your [i.e. plaintiffs'] notice

of alleged Labor Code violations pursuant to Labor Code Section 2699, postmarked November 06, 2008 and after review, does not intend to investigate the allegations."

77.    Accordingly, Plaintiffs have exhausted their administrative remedies with regard to this claim and may thus proceed with this cause of action before this court.

78.    Defendants committed, *inter alia*, the following violations of the California Labor Code against Plaintiffs, and, on information and belief, against other members of the Class:

   a. Labor Code Section 226.7 for failing to provide paid rest periods as prescribed by sections 512 and the applicable wage order, i.e. Wage Order No. 9-2001;

   b. Labor Code Section 226(a) for failing to provide accurate, itemized wage statements;

   c. Labor Code Section 203 for failing to pay wages due to drivers who quit or were terminated; and,

   d. Labor Code Section 558 for failing to pay minimum wages

79.    Pursuant to Labor Code §2699(a), Plaintiffs seek to recover civil penalties, as otherwise provided by statute, for which Defendants are liable as a result of their violations of aforementioned Labor Code sections, all in an amount to be proved at trial.

/ / /

/ / /

**SECOND AMENDED COMPLAINT FOR DAMAGES**
25

# VI.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray:

a.  That the Court issue an Order certifying the classes herein, appointing the named Plaintiffs as representatives of all others similarly situated, and appointing the law firm(s) representing the named Plaintiff as counsel for the members of the classes;

b.  As to the First Cause of Action for Failure to Pay Minimum Wages:

    1.  For recovery of the unpaid balance of the full amount of the minimum wages due and owing, according to proof;

    2.  For liquidated damages on the straight-time portion of uncompensated hours of work (not including the overtime portion thereof), pursuant to, *inter alia*, Labor Code § 1194.2(a);

    3.  For pre-judgment interest pursuant to, *inter alia,* Labor Code §§ 218.6 and 1194(a), Civil Code §§ 3287(b) and 3289;

    4.  For compensation pursuant to Labor Code § 558;

    5.  For an accounting, under administration of Plaintiffs and/or the receiver and subject to Court review, to determine the amount to be returned by Defendants, and the amounts to be refunded to members of the classes who are owed monies by Defendants;

    6.  For an Order for a preliminary and/or permanent injunction prohibiting Defendants from engaging in the acts complained of herein;

7.      For all other appropriate injunctive, declaratory and equitable relief;

8.      For interest to the extent permitted by law; and

9.      For an award of reasonable attorneys' fees and costs incurred in the investigation, filing and prosecution of this action pursuant to Labor Code § 1194(a) and/or any other applicable provision of law.

c.  As to the Second Cause of Action for Failure to Pay Wages at the Agreed Rate (Secret Lower Wage):

1.      For the recovery of all unpaid wages due and owing, according to proof;

2.      For pre-judgment interest pursuant to, *inter alia,* Labor Code § 218.6, Civil Code §§ 3287(b) and 3289;

3.      For compensation pursuant to Labor Code § 558;

4.      For an accounting, under administration of Plaintiffs and/or the receiver and subject to Court review, to determine the amount to be returned by Defendants, and the amounts to be refunded to members of the classes who are owed monies by Defendants;

5.      For an Order for a preliminary and/or permanent injunction prohibiting Defendants from engaging in the acts complained of herein;

6.      For all other appropriate injunctive, declaratory and equitable relief;

**SECOND AMENDED COMPLAINT FOR DAMAGES**

7.    For interest to the extent permitted by law; and

8.    For an award of reasonable attorneys' fees and costs incurred in the investigation, filing and prosecution of this action pursuant to <u>Labor Code</u> § 1194(a) or any applicable provision of law.

d.    <u>As to the Third Cause of Action for Failure to Provide Meal and Rest Periods</u>:

1.    For one (1) hour of premium pay at each employee's regular rate of compensation for each workday that a meal period was not provided;

2.    For one (1) hour of premium pay at each employee's regular rate of compensation for each workday that a rest period was not provided;

3.    For compensation pursuant to <u>Labor Code</u> § 558;

4.    For pre-judgment interest pursuant to <u>Labor Code</u> §§ 218.6 and 1194(a) and <u>Civil Code</u> §§ 3287(b) and 3289;

e.    <u>As to the Fourth Cause of Action for Failure to Timely Furnish Accurate Itemized Wage Statements</u>:

1.    For penalties as authorized by <u>Labor Code</u> § 226(e);

2.    For injunctive relief pursuant to <u>Labor Code</u> § 226(g);

3.    For an award of costs and reasonable attorneys' fees pursuant to <u>Labor Code</u> § 226(g);

f.    <u>As to the Fifth Cause of Action for Violations of Labor Code § 203</u>:

For penalties as authorized by Labor Code § 203;

**SECOND AMENDED COMPLAINT FOR DAMAGES**
28

g.  <u>As to the Sixth Cause of Action for Declaratory Relief</u>:

Declaratory relief as sought therein.

h.  <u>As to the Seventh Cause of Action for Injunctive Relief</u>:

Preliminary and Permanent Injunctive Relief as sought therein.

i.  <u>As to the Eighth Cause of Action for Unfair Business Practices</u>:

1.  For an accounting, under administration of Plaintiffs and/or the receiver and subject to Court review, to determine the amount to be returned by Defendants, and the amounts to be refunded to members of the classes who are owed monies by Defendants;

2.  For an Order requiring Defendants to make full restitution and payment pursuant to California law;

3.  For an Order for a preliminary and/or permanent injunction prohibiting Defendants from engaging in the acts complained of herein;

4.  For all other appropriate injunctive, declaratory and equitable relief;

5.  For interest to the extent permitted by law; and

6.  For an award of reasonable attorneys' fees and costs incurred in the investigation, filing and prosecution of this action pursuant to <u>Code Civ. Proc.</u> § 1021.5, <u>Bus. & Prof. Code</u> § 17200, et seq., <u>Labor Code</u> § 1194 and/or any other applicable provision of law.

j.  <u>As to the Ninth Cause of Action for Labor Code Private Attorneys General Act of 2004</u>

a.    For an award of civil penalties and any other relief available pursuant to the Act.

k.  <u>As to all Causes of Action</u>: such other and further relief as this Court deems just and proper.

**VII.**

**<u>DEMAND FOR JURY TRIAL</u>**

Plaintiffs hereby demand trial of their claims by jury to the extent authorized by law.

Date:  October 1, 2018

**MARLIN & SALTZMAN, LLP**
**THE CULLEN LAW FIRM, APC**


By:  <u>*/s./ Paul T. Cullen*_____</u>
      *Attorneys for Plaintiffs*