# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERARDO ORTEGA, AND MICHAEL D. PATTON, individually and on behalf of themselves, all others similarly situated, and the general public,<br><br>    Plaintiffs,<br><br>v.<br><br>J. B. HUNT TRANSPORT, INC., an Arkansas corporation; and DOES 1 to 100, inclusive,<br><br>    Defendants. | **CASE NO. 07-CV-08336-RGK-AFM**<br>(Hon. R. Gary Klausner)<br><br>**CLASS ACTION**<br><br>**[Proposed] Order Granting Plaintiffs' Unopposed Motion For Final Approval Of Class Action Settlement**<br><br>Date:  February 11, 2019<br>Time:  9:00 a.m.<br>Room:  850<br>Trial:  February 19, 2019 |

This matter came on for hearing on February 11, 2019, upon the Motion for Final Approval of the proposed settlement of this action on the terms set forth in the Class Action Settlement and Release ("Settlement") (Dkt. No. 347-2), due and adequate notice provided to the members of the settlement class, and having considered the Settlement, all papers and proceedings held herein, having reviewed the entire record in this action (the "Action"), and good cause appearing, the Court finds that:

WHEREAS, Plaintiffs Gerardo Ortega and Michael Patton ("Plaintiffs") have alleged claims against defendant J.B. Hunt Transport, Inc. ("Defendant") (collectively, the "Parties") on behalf of themselves and on behalf of others similarly situated for: (1) violations of Labor Code sections 226.7 and 512, and section 11 of the Industrial Welfare Commission (IWC) Wage Orders (failure to provide a meal period); (2) violations of Labor Code sections 226.7 and 512, and section 12 of the IWC Wage Orders (failure to provide a rest period); (3) violations of Labor Code section 226 (failure to provide accurate wage statements); (4) violations of Labor Code section 1194 (failure to pay California minimum wage); (5) violations of Labor Code sections 221 to 223 (failure to pay wages at the agreed rate); (6) violations of Labor Code section 203 (failure to pay wages due upon termination of employment); (7) violations of the Business and Professions Code, section 17200 *et seq.*; and (8) violations of the Labor Code Private Attorneys General Act of 2004 ("PAGA"), California Labor Code section 2698 *et seq.*;

WHEREAS, Defendant expressly denies the allegations of wrongdoing and violations of law alleged in this Action, and further denies any liability whatsoever to Plaintiffs or to the settlement class members;

WHEREAS, without admitting any liability, claim, or defense, the Parties determined that it was mutually advantageous to settle this Action and to avoid the costs, delay, uncertainty, and business disruption of ongoing litigation;

WHEREAS, the Parties agreed to resolve the Action and entered into the Settlement in and about October 2018, which provides for a complete dismissal, with prejudice, of the claims asserted in the Action against Defendant on the terms and conditions set forth in the Settlement, subject to the approval of this Court;

WHEREAS, this Court granted preliminary approval of the Settlement in this Action on or about November 27, 2018 (the "Preliminary Approval Order"), Dkt. No. 353, and conditionally certified a settlement class defined as:

> All California-based, local and regional intermodal and local and regional Dedicated Contract Services drivers employed by J.B. Hunt at any time between November 19, 2003 and December 8, 2018;

WHEREAS, notice to the settlement class members was sent in accordance with the Settlement and the Preliminary Approval Order;

WHEREAS, a fairness hearing on the proposed Settlement was held on February 11, 2019;

WHEREAS, the entry of this Order was held in abeyance pending the expiration of the notice period required by the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715(d); and

WHEREAS, the CAFA statutory notice period expired on April 16, 2018, and the Parties have notified the Court that no State or Federal official has responded to the CAFA notice.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. To the extent defined in the Settlement and incorporated herein by reference, the terms in this Order shall have the meanings set forth therein.

2. The Court has jurisdiction over the subject matter of this Action, Defendant, and the settlement class.

3. The Court has determined that the notice mailed to the 12,141 settlement class members fully and accurately informed them of all material elements of the

proposed Settlement, including the Settlement Amount, plan of distribution of the Settlement Amount, Released Claims, application for a service award to the named Plaintiffs, and the application for an award of attorneys' fees and costs to Class Counsel, constituted the best notice practicable under the circumstances, constituted valid, due, and sufficient notice to all settlement class members, and fully complied with Rule 23 and due process.

4. Pursuant to 28 U.S.C. § 1715(b), Defendant provided notice of the Settlement to the Attorney General of the United States of America and to the appropriate State officials (as defined in 28 U.S.C. § 1715(a)(2)). As further required under 28 U.S.C. § 1715(d), more than 90 days have elapsed since the service of such notices. Neither the Attorney General of the United States nor any appropriate State official has served written objection to the Settlement or appeared at the hearing to object to the Settlement.

5. Pursuant to California Labor Code § 2699(l)(2), Plaintiffs' counsel provided notice to the Labor and Workforce Development Agency ("LWDA") of the proposed Settlement. Plaintiffs' counsel received no objections from the LWDA regarding the proposed Settlement.

6. No settlement class members objected to the Settlement.

7. The Settlement Class includes those persons identified on the updated Class list that Defendant provided to the Settlement Administrator for purposes of distributing the class notice, but excludes the following persons who filed a timely request for exclusion: Claude Collins, David Newcomb, Larry Delosangeles, Michael Terrell, Steven Phillips, Emanuel Pasa, Brian Parks, Luke Francis, and Kenneth Freeney.

8. The Court hereby (1) grants final approval of the Settlement as fair, reasonable, adequate, in the best interests of the settlement class members, and compliant in all respects under Rule 23 of the Federal Rules of Civil Procedure; (2)

grants final certification of the settlement class as defined below in Paragraph 9 of this Order; and (3) Orders the parties to consummate the Settlement in accordance with the terms thereof.

9. As this Court previously found in its Preliminary Approval Order, the court finds that the settlement class, for Settlement purposes only, satisfies the requirements for a Rule 23 settlement, and is defined as follows:

> All California-based, local and regional intermodal and local and regional Dedicated Contract Services drivers employed by J.B. Hunt at any time between November 19, 2003 and December 8, 2018.

10. The Court appoints as Class Counsel the following attorneys: Marlin & Saltzman LLP (Stanley D. Saltzman and Adam M. Tamburelli), 29800 Agoura Road Suite 210, Agoura Hills, California 91301; and The Cullen Law Firm, APC (Paul T. Cullen and Barbara Duvan-Clarke), 19360 Rinaldi Street #647, Porter Ranch, California 91326.

11. The Court approves the payment of attorneys' fees in the amount of $5,000,000.00 to Class Counsel, which shall be paid from, and not in addition to, the Settlement Amount.

12. The Court approves the payment of attorneys' costs in the amount of $475,362.98 to Class Counsel, which shall be paid from, and not in addition to, the Settlement Amount.

13. The Court approves a payment in the amount of $500,000.00 to the California Labor & Workforce Development Agency, representing the State of California's portion of civil penalties under the Private Attorneys General Act, which shall be paid from, and not in addition to, the Settlement Amount.

14. The Court approves the payment of reasonable claims administration costs to the Claims Administrator, CPT Group, Inc., in the amount of $83,000.00, which shall

be paid from, and not in addition to, the Settlement Amount.

15. The Court approves service awards to Plaintiffs and settlement class representatives Gerardo Ortega and Michael Patton in the amount of $15,000.00 each, which amounts shall be paid from, and not in addition to, the Settlement Amount.

16. The Court hereby dismisses this Action with prejudice. Without affecting the finality of this Final Order and Judgment, the Court reserves exclusive and continuing jurisdiction over the Action, the Parties, and the settlement class for the purposes of supervising the implementation, enforcement, construction, and interpretation of the Settlement, the Preliminary Approval Order, the distribution of the Settlement Amount, and the Final Order and Judgment.

17. Upon entry of the Final Judgment, and by operation of this Final Approval Order, the claims in this Action of each settlement class member against Defendant, and against any and all of the Released Parties (as defined in the Settlement), are fully, finally, and forever released, relinquished, and discharged pursuant to the terms of the Settlement.

18. Each settlement class member other than those identified in Paragraph 7 above who validly excluded themselves from the Settlement is bound by this Final Order and Judgment, including, without limitation, the release of claims as set forth in the Settlement.

19. This Final Approval Order and Judgment and the Settlement, and all papers related thereto, are not and shall not be construed to be an admission by Defendant of any liability, claim, or wrongdoing whatsoever, and shall not be offered as evidence of any such liability, claim, or wrongdoing in this Action or in any other proceeding.

20. In the event that the Settlement does not become effective in accordance with the terms of the Settlement, then this Final Order and the Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement

and shall be vacated, and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement, and each party shall retain his, her or its rights to proceed with litigation of the Action.

21. The Court finds that there is no just reason for delay of entry of this Final Order, and hereby directs entry of the Final Judgment.

**IT IS SO ORDERED.**

DATED: April 23, 2019

_____
Hon. R. Gary Klausner
United States District Judge